FINAL COPY
294 Ga 400

S13A1499.  FOSTER v. THE STATE.

HINES, Presiding Justice.

Prisoner John Miles Foster appeals, pro se, the dismissal of his "Out of Time Motion to Withdraw Guilty Plea." For the reasons that follow, we affirm.

On September 30, 1994, Foster pled guilty, in the Superior Court of Clayton County, to felony murder, possession of a firearm during the commission of a crime, and concealing the death of another. On October 6, 1994, he received a life sentence for the felony murder, a concurrent five years in prison for the firearm possession, and a concurrent 12 months in prison for concealing the death. Previously, on July 1, 1994, Foster's attorney had filed a "Special Plea of Incompetency to Stand Trial and Motion for Transfer of Defendant to the Department of Human Resources." Prior to entry of Foster's pleas, a mental evaluation of Foster was conducted, and he was found competent to stand trial; it was also determined that at the time he committed the crimes, Foster was not suffering from a mental disorder that prevented him from knowing right from wrong.

Nearly 19 years after entry of his pleas, on April 16, 2013, Foster, pro se, filed an "Out of Time Motion to Withdraw Guilty Plea" in the Superior Court of Clayton County. His complaints were that even though he filed a special plea of incompetency to stand trial, he did not have a mental evaluation by a private doctor; that his pleas were entered with the special plea motion still pending; that the trial court accepted his pleas without ensuring he understood the rights he was giving up; that his *Boykin*[1] rights were violated; that he should be allowed to withdraw his plea as a matter of right in that his sentences were void; and that the trial court erred in failing to hold a hearing on his motion. On April 18, 2013, the superior court entered the present order, dismissing Foster's motion.

First, to the extent that Foster argues that his pleas and convictions should be vacated as void so that his filing is construed as a petition to vacate or modify his judgments of conviction, such a petition is not an appropriate remedy in this criminal case. *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Second, a sentence is deemed to be void if the punishment imposed is not allowed by law, and Foster has produced no evidence to support his claim that

---

[1] *Boykin v. Alabama,* 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969).

his sentences were void. See *Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). Therefore, the sentencing court did not retain jurisdiction to modify the sentencing.

A motion to withdraw a guilty plea has to be made within the same term of court as the sentence entered on the guilty plea. *Lay v. State*, 289 Ga. 210, 212 (2) (710 SE2d 141) (2011). As the superior court expressly found, inasmuch as Foster's motion to withdraw was filed outside the term of court in which his pleas and sentences were entered, the only remedy available to Foster was a petition for writ of habeas corpus. *Harris v. State*, 278 Ga. 805, 806 (2) (606 SE2d 248) (2004). Furthermore, because the motion filed by Foster was brought against the State in the county of his convictions rather than against the warden in the county in which he was incarcerated, the motion could not be treated as a habeas corpus petition. Accordingly, Foster's motion had to be dismissed. *Downs v. State*, 270 Ga. 310 (509 SE2d 40) (1998).

Judgment affirmed. All the Justices concur.

Decided January 21, 2014.

Murder, etc. Clayton Superior Court. Before Judge Benefield.

John Miles Foster, <u>pro se</u>.

<u>Tracy Graham-Lawson, District Attorney, Frances C. Kuo, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Paula K. Smith, Senior Assistant Attorney General,</u> for appellee.