# Court of Appeals
# of the State of Georgia

ATLANTA,  December 15, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0708.  MAX PHARR v. THE STATE.**

In 1995, Max Pharr pled guilty to rape and was sentenced to life imprisonment. He did not file a direct appeal.  In July 2016, he filed a motion to correct an illegal sentence, claiming that his sentence was illegal because: (1) he was mentally incompetent when he entered his plea and was sentenced, (2) the trial court failed to conduct a competency hearing, and (3) his trial counsel rendered ineffective assistance. The trial court denied the motion, and Pharr appeals.  We lack jurisdiction.

Under OCGA § 17-10-1 (f), a sentencing court only has the power to modify a sentence within one year of the date upon which the sentence is imposed, or within 120 days after receipt of the remittitur upon affirmance of the judgment after direct appeal, whichever is later.  However, a sentencing court has jurisdiction to modify a sentence beyond this statutory limit if the sentence is void.  See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A direct appeal may lie from an order denying a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones*, supra at 670.

Here, Pharr's sentence fell within the statutory range of punishment. See OCGA

§ 16-6-1 (b) (providing that the maximum term of imprisonment for rape is life). Further, his claims regarding his mental incompetency and his claim of ineffective assistance of counsel do not state a valid void-sentence claim. "Assertions taking issue with the procedure employed in imposing a valid sentence or questioning the fairness of an imposed sentence do not allege a sentence is void and therefore are not a means for post-appeal, post-§ 17-10-1 (f) sentence modification." *Jones*, supra at 670; see also *Foster v. State*, 294 Ga. 400, 401 (754 SE2d 78) (2014) (challenge to trial court's procedures regarding defendant's mental competency was not colorable void-sentence claim); *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002) (allegation of ineffective assistance of counsel was not colorable void-sentence claim). Because Pharr has not raised a colorable void-sentence claim, we lack jurisdiction to consider his appeal. See *Burg*, supra at 120.

Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__12/15/2016_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.