301 Ga. 748
FINAL COPY

S17A1065. BROOKS v. THE STATE.

PETERSON, Justice.

Marshae D. Brooks appeals pro se the trial court's denial of his motion to withdraw his guilty plea to murder and other charges, denial of his motion for an out-of-time appeal of his convictions, and denial of his motion for appellate counsel. Because the trial court previously had rejected Brooks's earlier motion for an out-of-time appeal of his convictions, the court properly denied his subsequent motion for an out-of-time appeal. Because his motion to withdraw his plea was untimely, the trial court should have dismissed, rather than denied, that motion, and we vacate the trial court's order on that motion and remand for entry of the appropriate order. Because Brooks's motion to withdraw his guilty plea was untimely, and because indigent defendants generally are not entitled to the assistance of counsel to prosecute a motion for an out-of-time appeal, the trial court properly denied his request for counsel.

Brooks was indicted in May 2009 on charges of malice murder, felony murder, aggravated assault, kidnapping, kidnapping with bodily injury, false imprisonment, armed robbery, and burglary. On July 22, 2011, pursuant to a plea agreement, he pleaded guilty to some of the counts charged in the indictment, including voluntary manslaughter as a lesser included offense of murder. The trial court sentenced Brooks to 30 years, with the first 23 years to be served in confinement.

On August 23, 2011, Brooks filed through counsel a motion to set aside and withdraw his plea, asserting in his motion that great mental stress and exhaustion at the time of the plea rendered him confused and unable to understand and waive his constitutional rights. At an August 25, 2011, hearing, the trial court stated that Brooks did not have a basis to withdraw his plea (other, perhaps, than an error by the trial court in failing to sentence him for one aggravated assault charge, for which, the court indicated, it would have imposed concurrent time). But citing the State's consent (apparently due to Brooks's refusal to testify against a co-defendant per his plea deal), the trial court granted Brooks's motion to withdraw his plea. The trial court also allowed Brooks's counsel to withdraw and appointed new counsel. On October 28, 2011, Brooks

2

entered a second, non-negotiated guilty plea to all counts charged in the indictment, including malice murder, except for two felony murder counts that the court purportedly merged with the malice murder count. The trial court entered a new sentence of life plus ten years.

On October 29, 2012, Brooks filed a pro se motion to vacate his convictions and sentence, asserting various grounds.[1] The trial court denied that motion, and in March 2013 we dismissed Brooks's untimely appeal of that ruling by unpublished order. Brooks also filed motions for out-of-time appeal in May 2013 and March 2016, as well as a motion to correct a void sentence in August 2016; the trial court denied all of these motions.[2] As to the March 2016 motion for out-of-time appeal, which plainly sought an out-of-time appeal of

---

[1] Brooks argued in this motion that (1) his arrest warrant was invalid due to an inadequate affidavit, (2) counsel was ineffective for failing to challenge the affidavit, (3) the trial court impermissibly increased his sentence due to his refusal to testify against his co-defendant, (4) the State engaged in prosecutorial misconduct for failing to re-indict Brooks after nolle prossing certain counts, and (5) the trial court committed perjury in denying the existence of a certain transcript requested by Brooks.

[2] Although one of the September 2016 orders now on appeal states that three prior attempts at an out-of-time appeal "have been dismissed by the Supreme Court[,]" and the trial court record contains a "Notice of Intent to Appeal" the denial of Brooks's August 2016 motion to correct a void sentence, a search of our records reveals only the March 2013 dismissal of Brooks's appeal of the trial court's denial of the motion to vacate.

Brooks's convictions generally,[3] the trial court noted Brooks's previous pursuit of relief and found "no sufficient reason to grant his attempt for an out-of-time appeal[.]"

In September 2016, Brooks filed a motion to withdraw the October 2011 guilty plea, a motion seeking an out-of-time appeal of his convictions, and a motion requesting appellate counsel. The trial court that same month denied Brooks's request to withdraw his second guilty plea, finding that Brooks was "well-advised, and knowingly and intelligently entered his guilty plea[.]" The trial court also denied Brooks's motion for out-of-time appeal — again noting prior attempts at relief and finding no sufficient reason for an out-of-time appeal — and denied his request for appellate counsel. This appeal followed.[4]

Brooks argues that the trial court should not have allowed him to withdraw his initial July 2011 guilty plea and that, but for the deficient performance of counsel, he would have appealed following his July 2011 plea

---

[3] The May 2013 motion could be read as merely seeking an out-of-time appeal of the denial of the motion to vacate.

[4] Brooks filed both a notice of appeal and a discretionary application. The Court of Appeals transferred the application to this Court, and on November 22, 2016, we dismissed the application as unnecessary in the light of Brooks's timely filing of a notice of appeal. The Court of Appeals on February 6 transferred the direct appeal to this Court.

4

rather than withdrawing his plea. Brooks also argues that he should have been allowed to withdraw his October 2011 guilty plea and that he is entitled to an out-of-time appeal, or at least an evidentiary hearing, to determine who is responsible for the failure to file a timely direct appeal.[5]

1. Brooks's motion for an out-of-time appeal of his convictions is foreclosed by the denial of his previous motion. Res judicata precludes re-litigation of claims where the cause of action and the parties or their privies are identical and the claim was previously adjudicated on the merits by a court of competent jurisdiction. See Beasley v. State, 298 Ga. 49, 50 (779 SE2d 301) (2015). Here, on at least one occasion prior to Brooks's September 2016 motion for an out-of-time appeal of his convictions, Brooks filed a motion for an out-of-time appeal of his convictions. The trial court rejected that motion on the merits. Although Brooks did not plainly raise in the previous motion for out-of-time appeal the issues he raises now, there is no reason he could not have. The trial court's prior denial of Brooks's motion thus is res judicata as to the

---

[5] It is unclear from Brooks's briefs whether he is arguing that his counsel for the July 2011 plea was ineffective for failing to appeal the resulting convictions, that his counsel for the October 2011 plea was ineffective for failing to file an appeal of the convictions resulting from that plea, or both. We will assume for purposes of this pro se appeal that he argues both.

5

availability of an out-of-time appeal of his convictions. See id. (under doctrine of res judicata, habeas court's prior denial of request for relief precludes consideration of issues raised in motion for out-of-time appeal, including issue that could have been raised on habeas but was not); Crowder v. State, 265 Ga. 719, 720 (461 SE2d 865) (1995) (trial court correctly denied motion for out-of-time appeal, having previously rejected defendant's claim of ineffective counsel in ruling on prior motion for out-of-time appeal). As the trial court was precluded from revisiting the issue of Brooks's entitlement to an out-of-time appeal of his convictions, it did not err in denying the September 2016 motion for an out-of-time appeal.

2. Brooks's motion to withdraw his October 2011 guilty plea is also foreclosed. "A motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea." Lay v. State, 289 Ga. 210, 212 (2) (710 SE2d 141) (2011) (citing Dupree v. State, 279 Ga. 613, 614 (619 SE2d 608) (2005); Rubiani v. State, 279 Ga. 299, 299 (612 SE2d 798) (2005)). A trial court lacks jurisdiction to allow the withdrawal of the plea if

such a motion is untimely. Lay, 289 Ga. at 212 (2).[6] Brooks was sentenced on October 28, 2011, and a final disposition order was filed on November 3, 2011. The next term of court began on the first Monday of December 2011. OCGA § 15-6-3 (20). The trial court thus lacked jurisdiction to consider Brooks's September 2016 motion to withdraw his plea and was right to reject it.[7]

We have stated that when a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it. See Hammond v. State, 292 Ga. 237, 238 n.2 (734 SE2d 396) (2012). And yet we have affirmed the denial of such motions. See, e.g., McGee v. State, 296 Ga. 353, 353 (1) (765 SE2d 347) (2014) (affirming denial of untimely motion

---

[6] We have held that the untimeliness of a motion to withdraw a plea limits the trial court's authority to grant relief, rather than the appellate court's authority to decide an appeal of an order on an untimely motion, meaning we have jurisdiction to consider Brooks's appeal of the denial of his motion to withdraw. See Lay, 289 Ga. at 212 (2).

[7] Brooks appears to argue that he should be allowed to withdraw his plea on the basis that his conviction that followed is void because the trial court did not have jurisdiction to allow him to withdraw his original plea. OCGA § 17-9-4 provides, "The judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it." But we have held that an out-of-time motion to withdraw is not a proper vehicle to challenge a conviction as void. See Foster v. State, 294 Ga. 400, 401 (754 SE2d 78) (2014) ("[T]o the extent that Foster argues that his pleas and convictions should be vacated as void so that his [out-of-time motion to withdraw guilty plea] is construed as a petition to vacate or modify his judgments of conviction, such a petition is not an appropriate remedy in this criminal case.").

7

to withdraw guilty plea); Hammond, 292 Ga. at 238 (affirming denial of untimely motion in arrest of judgment); Lay, 289 Ga. at 212 (3) (same). But in those cases, there is no evidence that the trial court denied the motion on the merits. McGee, 296 Ga. at 353 (court denied motion without a hearing); Hammond, 292 Ga. at 238 (motion denied based on finding that court lacked jurisdiction to consider it); Lay, 289 Ga. at 211 (trial court "summarily denied" motion). Absent evidence to the contrary, we presume that trial judges, as public officers, follow the law in the exercise of their statutory duties and authority. See Lathrop v. Deal, 301 Ga. 408, 444 n.32 (801 SE2d 867) (2017); see also Nash v. State, 271 Ga. 281, 284 (519 SE2d 893) (1999) (relying on a long-standing presumption "in favor of the regularity and legality of all proceedings in the courts below"). Given this presumption, a trial court's mere "denial" of a motion it lacks jurisdiction to decide without more cannot be assumed to be a decision on the merits, and so its "denial" rather than "dismissal" of an untimely motion does not require vacatur of that order. See Davis v. State, 274 Ga. 865 (561 SE2d 119) (2002) (affirming denial of untimely motion to withdraw guilty plea while noting trial court should have dismissed the motion; no indication denial was on the merits). That presumption does not apply here,

8

however, because the court's order plainly shows that it denied Brooks's untimely motion on the merits, concluding that Brooks was "well-advised, and knowingly and intelligently entered his guilty plea[.]" Because the trial court decided the merits of a motion it lacked jurisdiction to decide, we vacate the trial court's order and remand with instructions to dismiss. See Parker v. Leeuwenburg, 300 Ga. 789, 793 (797 SE2d 908) (2017) (vacating where trial court addressed appellants' claims on the merits despite their lack of standing); Humphrey v. State, 299 Ga. 197, 199 (1) (787 SE2d 169) (2016) (vacating where trial court denied, rather than dismissed, untimely motion to withdraw guilty plea).

3. Brooks's request for appellate counsel is similarly unavailing. Generally, an indigent defendant is entitled to representation by counsel only for trial and the direct appeal from his conviction and sentence. See Pierce v. State, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011). We have held that a defendant is generally entitled to assistance of counsel for an appeal of the denial of a motion to withdraw his guilty plea. Murrell v. Young, 285 Ga. 182, 183 (2) (674 SE2d 890) (2009). However, Brooks's failure to file a *timely* motion to withdraw his plea means that he is not entitled to the assistance of appointed counsel to appeal

9

the denial of that motion.  See <u>Pierce</u>, 289 Ga. at 894 (1); see also <u>Terry v. State</u>, 301 Ga. 776, 778 (___ SE2d ___) (2017).  Furthermore, because a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, Brooks was not entitled to the assistance of counsel in pursuing that motion, either.  See <u>Mims v. State</u>, 299 Ga. 578, 578 n.1 (787 SE2d 237) (2016); <u>Pierce</u>, 289 Ga. at 894 (1).  The trial court therefore did not err in denying Brooks's motion for appellate counsel.

<u>Judgment affirmed in part and vacated in part, and case remanded.  All the Justices concur.</u>

Decided August 14, 2017.

Murder. Gwinnett Superior Court. Before Judge Hamil.

Marshae D. Brooks, <u>pro se.</u>

<u>Daniel J. Porter, District Attorney, Christopher M. Quinn, Andrea L. Alabi, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General</u>, for appellee.