Blackwell, Justice.
**631 Sherman Clark was tried by a jury and convicted of murder and aggravated assault. He failed to file a timely appeal, but he twice has attempted unsuccessfully to secure leave to file an out-of-time appeal.
**632 He now appeals from the denial of his second motion for an out-of-time appeal, and we affirm.
The record shows that Clark was sentenced in March 2005. At the sentencing hearing, the trial court informed Clark that he had the right to appeal his convictions, that any appeal had to be filed within "30 days of today's date," and that Clark could ask the court to appoint counsel to assist him with the appeal. Three weeks later, Clark filed a motion for a trial transcript. The trial court promptly notified Clark that a transcript would be provided to him when it became available, and it reminded Clark that he had only 30 days from the date of his sentencing to file a notice of appeal. The trial court also reminded Clark that he could request the appointment of counsel to assist him. Clark did not, however, file a timely appeal or request the appointment of appellate counsel.
In 2006, Clark filed a motion for an extension of time in which to file an appeal, but the trial court denied his motion as untimely. The next year, Clark filed his first motion for an out-of-time appeal. The trial court denied that motion too, and Clark did not appeal. Then, in 2017, Clark filed his second motion for an out-of-time appeal. The trial court denied his second motion, noting that Clark sought the same relief in his second motion as he had in his first motion for an out-of-time appeal.
"Res judicata precludes re-litigation of claims where the cause of action and the parties or their privies are identical and the claim was previously adjudicated on the merits by a court of competent jurisdiction." Brooks v. State, 301 Ga. 748, 750-751 (1), 804 S.E.2d 1 (2017). Here, as in Brooks, the trial court rejected an earlier motion for out-of-time appeal on the merits, which "is res judicata as to the availability of an out-of-time appeal of his convictions." Id. at 751 (1), 804 S.E.2d 1. Accordingly, "the trial court was precluded from revisiting the issue of [Clark]'s entitlement to an out-of-time appeal of his convictions, [and] it did not err in denying the [second] motion for an out-of-time appeal." Id.
Judgment affirmed.
All the Justices concur.