310 Ga. 426
FINAL COPY

S20A1146.  BONNER v. THE STATE.

ELLINGTON, Justice.

Ronnie Bonner entered a non-negotiated guilty plea to malice murder and other charges in connection with a March 2012 home invasion in Richmond County. Bonner later filed a motion to withdraw his guilty plea, and, following a hearing, the trial court entered an order denying the motion. Bonner appeals, challenging the voluntariness of his plea and claiming that he received ineffective assistance of counsel. Because the trial court lacked jurisdiction to consider the merits of Bonner's motion to withdraw, as explained below, we vacate the appealed order and remand this case to the trial court for dismissal of Bonner's motion to withdraw his guilty plea.

The record shows the following. On September 5, 2013, the Superior Court of Richmond County entered judgment on Bonner's guilty plea to malice murder, aggravated assault, burglary,

attempted armed robbery, and possession of a firearm during the commission of those offenses. The court sentenced Bonner to a total of life plus 20 years in prison. Bonner did not file a notice of appeal from the judgment entered on his guilty plea.[1] Bonner filed a motion to withdraw his guilty plea on July 3, 2014. The trial court conducted a hearing on the motion on February 25, 2015, and entered its order denying the motion on March 5, 2015. In that order, the trial court found, among other things, that Bonner freely and voluntarily entered his guilty plea and that the facts were insufficient to show ineffective assistance of counsel. Bonner timely appealed from that order.[2]

---

[1] See *Collier v. State*, 307 Ga. 363, 368 (1) (834 SE2d 769) (2019) (a defendant who pleads guilty has a right to appeal from the judgment entered on his guilty plea).

[2] Bonner filed a notice of appeal from the order on Monday, April 6, 2015. The Appellate Practice Act provides that "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of[.]" OCGA § 5-6-38 (a). The 30th day after the trial court entered its order denying Bonner's motion to withdraw his March 5, 2015 guilty plea fell on Saturday, April 4, 2015. Therefore, Bonner's notice of appeal was timely. See OCGA § 1-3-1 (d) (3) ("[I]f the last day [of a statutory time period for the exercise of any privilege or the discharge of any duty] falls on Saturday or Sunday, the party having such privilege or duty shall have through the following Monday to exercise the privilege or to discharge the duty."). We note

2

Although Bonner's appeal from the order denying his motion to withdraw is timely, the motion itself was not timely filed in the trial court. The trial court accepted Bonner's guilty plea and sentenced him on September 5, 2013, during the term of court that began on Monday, July 15, 2013. See OCGA § 15-6-3 (5) (C) (The terms of court for the Superior Court of Richmond County commence on the "[t]hird Monday in January, March, May, July, September, and November."). After Bonner was sentenced that day, a new term of court began on Monday, September 16, 2013. See id. Bonner filed his motion to withdraw his guilty plea on July 3, 2014,

that the trial court sua sponte entered an order purporting to dismiss Bonner's April 6, 2015 notice of appeal as untimely, which it lacked the authority to do, and the clerk of the superior court did not transmit the record until the trial court entered a consent order purporting to grant Bonner's motion for an out-of-time appeal. See *Moore v. State*, 308 Ga. 312, 313 (1) (840 SE2d 353) (2020) ("[A]n appellate court is the sole authority in determining whether a filed notice of appeal or discretionary application is sufficient to invoke its jurisdiction." (citation and punctuation omitted)). Such proceedings following the filing of a proper and timely notice of appeal are without legal effect. See *Upton v. Jones*, 280 Ga. 895, 896 (1) (635 SE2d 112) (2006) ("[T]he filing of the notice of appeal operates as a supersedeas and deprives the trial court of the power to affect the judgment appealed, so that subsequent proceedings purporting to supplement, amend, alter or modify the judgment, whether pursuant to statutory or inherent power, are without effect." (citation and punctuation omitted)).

well after the expiration of the term in which he was sentenced. "It is well settled that, when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea." *McGee v. State*, 296 Ga. 353, 353 (1) (765 SE2d 347) (2014) (citation and punctuation omitted).

Although the untimeliness of Bonner's motion to withdraw his guilty plea does not deprive this Court of appellate jurisdiction, it is a defect that restricted the trial court's authority. See *Lay v. State*, 289 Ga. 210, 212 (2) (710 SE2d 141) (2011). Because the trial court lacked jurisdiction to consider Bonner's untimely motion on the merits, the court should have dismissed the motion rather than denying it. See *Ricks v. State*, 307 Ga. 168, 170 (835 SE2d 179) (2019); *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017). When an order states that a procedurally barred motion is "denied," rather than "dismissed," without more, we assume that the order was not an unauthorized decision on the merits, which would require vacatur of the order. See *Brooks*, 301 Ga. at 752 (2). That

4

presumption does not apply here, however, because the trial court's order plainly shows that it denied Bonner's untimely motion to withdraw his guilty plea on the merits, in that the order sets out findings of fact and conclusions of law regarding the claims in Bonner's motion. See id. This unauthorized decision on the merits requires vacatur of the order. After the expiration of the term of court in which the court accepted Bonner's plea and sentenced him, he can only obtain the relief he seeks through a petition for a writ of habeas corpus. See *Smith v. State*, 298 Ga. 487, 488 (782 SE2d 17) (2016); *Foster v. State*, 294 Ga. 400, 401 (754 SE2d 78) (2014). We therefore vacate the trial court's order denying Bonner's motion to withdraw his guilty plea and remand the case to the trial court with direction that it enter the appropriate order dismissing the motion. See *Ricks*, 307 Ga. at 170; *Brooks*, 301 Ga. at 749.

*Judgment vacated and case remanded with direction. All the Justices concur, except Warren, J., not participating.*

Decided November 16, 2020.

Murder. Richmond Superior Court. Before Judge Overstreet, Senior Judge.

*Veronica E. Brinson*, for appellant.

*Natalie S. Paine, District Attorney, Joshua B. Smith, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Leslie A. Coots, Assistant Attorney General*, for appellee.