312 Ga. 303
FINAL COPY

S21A0587.  SIMS v. THE STATE.

COLVIN, Justice.

Stacey Sims appeals from the dismissal of his out-of-time motion to withdraw his guilty plea.  For the reasons that follow, we affirm.

In 2006, Sims was indicted by a Tift County grand jury on a 36-count indictment that included numerous charges of malice murder, felony murder, aggravated assault, armed robbery, burglary, and possession of a firearm during the commission of a crime.[1]  Pursuant to a plea agreement, on August 12, 2010, Sims, who was represented by counsel, pleaded guilty to six counts of malice murder, four counts of aggravated assault, four counts of armed robbery, and three

---

[1] The crimes occurred in October 2005 when Sims and his two co-defendants broke into a number of mobile homes and robbed, assaulted, and murdered a group of Hispanic immigrants.  The lengthy indictment also included 20 counts of statutory aggravating circumstances supporting the State's notice of intent to seek the death penalty.

counts of burglary, in exchange for the State's withdrawing its notice of intent to seek the death penalty. After a lengthy sentencing hearing on October 7, 2010, the trial court imposed six concurrent life sentences for the murder charges plus 200 years for the aggravated assaults, armed robberies, and burglaries. Sims did not bring a timely appeal from the judgment of conviction entered upon his guilty plea.[2]

In May 2017, almost seven years later, Sims filed a pro se

---

[2] On November 26, 2010, Sims filed a pro se motion to withdraw his guilty plea alleging that the trial court failed to advise him of his constitutional rights pursuant to *Boykin v. Alabama*, 395 U.S. 328 (89 SCt 1709, 23 LE2d 274) (1969), and that he received ineffective assistance of counsel because counsel "failed to contest the unconstitutional arrest/invalid-insufficient arrest warrants to all charges" to which he pleaded guilty. Sims also filed a generic pro se motion for appointment of counsel. There is nothing in the record indicating that plea counsel had withdrawn from representation at the time these motions were filed, and the term of court had not yet expired. See OCGA § 15-6-3 (39) (B) (Tift County's two terms of court begin on the second Monday in March and the second Monday in September). Consequently, the pro se filings, for which there are no rulings in the record, are legal nullities because Sims was still represented by counsel when he filed them. See *White v. State*, 302 Ga. 315, 319 (2) (806 SE2d 489) (2017) ("[A]t a minimum, legal representation continues — unless interrupted by entry of an order allowing counsel to withdraw or compliance with the requirements for substitution of counsel, see USCR 4.3 (1)-(3) — through the end of the term at which a trial court entered a judgment of conviction and sentence on a guilty plea.").

motion[3] for an out-of-time appeal alleging that plea counsel was ineffective for failing to discuss and investigate whether Sims' custodial statement was voluntarily made and that his plea was not freely and voluntarily given. Sims did not allege, however, that he was denied the effective assistance of counsel in connection with his failure to bring a timely appeal or a timely motion to withdraw his guilty plea.[4]

Approximately three years later, in February 2020, Sims filed an "out-of-time motion to withdraw guilty plea." Once again, Sims did not allege that he was denied the effective assistance of counsel in connection with his failure to bring a timely appeal or a timely motion to withdraw his guilty plea. Instead, he generally alleged "that he has been denied the opportunity to withdraw his guilty plea" and requested that the trial court "embrace the mandate of

---

[3] There is nothing in the record indicating that plea counsel had withdrawn from representation. However, based on the timing of the filings, we assume that Sims was unrepresented. See _Ricks v. State_, 307 Ga. 168, 169-170 (835 SE2d 179) (2019) (noting that where filings were entered after the term of court in which a defendant was convicted and sentenced had ended, we do not presume the defendant was represented).

[4] There is no ruling on this motion in the record. Accordingly, it is not before this Court for review.

*Collier v. State*[, 307 Ga. 363 (834 SE2d 769) (2019)]" and hold a hearing on his motion. The trial court dismissed Sims' February 2020 motion for lack of jurisdiction, finding that the motion was filed outside the term of court in which Sims' guilty plea was entered.

Sims appeals the trial court's dismissal order, alleging, for the first time, that plea counsel's ineffectiveness and post-plea abandonment resulted in his failure to timely file a motion to withdraw his guilty plea. Sims further claims that, under *Collier*, he is entitled to an evidentiary hearing. We see no error in the trial court's dismissal order.

As this Court explained in *Collier*,

before being entitled to an out-of-time appeal, a defendant must allege and prove an excuse of constitutional magnitude for failing to file a timely direct appeal, which usually is done by showing that the delay was caused by his trial counsel's ineffective assistance in providing advice about or acting upon an appeal.

307 Ga. at 364 (citing *Bailey v. State*, 306 Ga. 364, 364-365 (828 SE2d 300) (2019)). Here, however, the issue before this Court is the trial court's ruling on Sims' "out-of-time" motion to withdraw guilty

4

plea, not a motion for an out-of-time appeal.[5]  In addition, until filing this appeal, Sims has *never* alleged that counsel's ineffectiveness deprived him of the right to an appeal or to timely file a motion to withdraw his guilty plea.  Consequently, this Court's mandate in *Collier* does not apply, and the trial court was not required to hold a hearing.  See *Terry-Hall v. State*, No. S21A0790, 2021 WL 3494692 (1) (Ga. Aug. 10, 2021) (explaining that there is no authority supporting the proposition "that the filing of a motion for an out-of-time appeal obliges a trial court to hold an evidentiary hearing, regardless of the allegations made in the motion").  Instead, because Sims failed to allege in the trial court that guilty plea counsel's ineffectiveness deprived him of the right to timely withdraw his guilty plea, his claims are not preserved for appellate review.  See id. (noting that "[i]t is well settled that errors not raised in the trial court will not be heard on appeal" (citation omitted)).

---

[5] The only procedural vehicle at issue in *Collier* was a motion for out-of-time appeal. An out-of-time motion to withdraw a guilty plea like the one at issue here, however, is not a recognized procedural vehicle.  See *Brooks v. State*, 301 Ga. 748, 751 n.7 (804 SE2d 1) (2017); *Foster v. State*, 294 Ga. 400, 401 (754 SE2d 78) (2014).

Turning to the trial court's order, it is undisputed that Sims' February 2020 motion to withdraw his guilty plea was not timely filed. Sims was sentenced in 2010 but did not file the instant motion until 2020. See *Brooks v. State*, 301 Ga. 748, 751 (2) (804 SE2d 1) (2017) ("A motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea."); *Rubiani v. State*, 279 Ga. 299, 299 (612 SE2d 798) (2005) ("It is well settled that when the term of court has expired in which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea."). See also OCGA § 15-6-3 (39) (B) (noting that Tift County's two terms of court begin on the second Monday in March and the second Monday in September). Based on the untimely filing of Sims' motion to withdraw guilty plea, and his failure to allege that counsel's constitutionally deficient performance deprived him of his right to timely file a motion to withdraw his plea, the trial court did not err in dismissing Sims' February 2020 motion to withdraw his guilty plea for lack of jurisdiction.

*Judgment affirmed. All the Justices concur.*

Decided August 24, 2021.

Murder. Tift Superior Court. Before Judge Cross.

Stacey B. Sims, *pro se.*

*Bryce A. Johnson, District Attorney, Patrick Warren, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Michael A. Oldham, Assistant Attorney General*, for appellee.