# Court of Appeals
# of the State of Georgia

ATLANTA, April 12, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0698.  ROBERT ERIC OWENBY v. THE STATE.**

On June 14, 2021, the trial court granted Appellant Robert Eric Owenby's motion for an out-of-time appeal; on that same day, he filed a notice of appeal seeking review of an order entered on January 12, 2021 denying his motion for new trial. However, after the appeal was docketed in this Court, the Supreme Court of Georgia issued *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (2022 Ga. LEXIS 64, 2022 WL 779746) (Case No. S21A1270, decided March 15, 2022), holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of time appeal in trial courts." Id. at (5) (slip op. at 82). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4) (slip op. at 80-81).

Accordingly, the trial court's June 14, 2021 order granting Appellant's motion for out-of-time appeal is vacated, and this case is remanded for the entry of an appropriate dismissal order. Appellant is advised that any subsequent attempt to appeal the trial court's January 12, 2021 order denying his motion for new trial will likely be dismissed as untimely. See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Appellant's motion for an out-of-time appeal will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752

(804 SE2d 1) (2017). If Appellant believes that he was unconstitutionally deprived of his right to appeal, he may be able to pursue relief for that claim through a petition for a writ of habeas corpus, along with any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction. See OCGA § 9-14-41 et seq.; see also *Rutledge v. State*, ___ Ga. ___ (slip op. at 4) (Case No. S21A1036, decided March 15, 2022). Appellant should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/12/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ *, Clerk.*