# Court of Appeals
# of the State of Georgia

ATLANTA,  April 19, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0785.  ASHLEY GARNER v. THE STATE.

Appellant was convicted, following a jury trial, of armed robbery and other crimes, and judgment was entered against her on January 12, 2018. Appellant filed a pro se motion for out-of-time appeal on May 22, 2020. On April 5, 2021, the trial court granted that motion. Appellant, through counsel, filed a motion for new trial on April 12, 2021. That motion was denied in an order entered on November 19, 2021, from which Appellant filed a notice of appeal on December 17, 2021.

However, in *Cook v. State*, __ Ga. __ (__ SE2d__) (2022 Ga. LEXIS 65, 2022 WL779747) (Case No. S21A1270, decided Mar. 15, 2022), the Supreme Court of Georgia eliminated the judicially created out-of-time appeal procedure in trial courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts[.]" Id. at __ (5) (slip op. at 82). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at __ (4) (slip op. at 80-81).

Accordingly, the trial court's April 5, 2021 order granting Appellant's motion for out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Appellant's motion. Additionally, given that Appellant's motion for out-

of-time appeal was granted in this case, the trial court is directed to vacate any subsequent rulings on filings that the court lacked jurisdiction to decide without the granted out-of-time appeal, such as the November 19, 2021 order ruling on Appellant's otherwise untimely motion for new trial. Appellant is advised that any subsequent attempt to appeal the trial court's January 12, 2018 entry of the judgment of conviction against her will likely be dismissed as untimely. See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Appellant's motion for out-of-time appeal will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017). If Appellant believes that she was unconstitutionally deprived of her right to appeal, she may be able to pursue relief for that claim through a petition for a writ of habeas corpus, along with any other claims alleging deprivation of her constitutional rights in the proceedings that resulted in her conviction. See OCGA § 9-14-41 et seq. Appellant should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,___04/19/2022___

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_Stephen E. Castlen_____, Clerk.