# Court of Appeals
# of the State of Georgia

ATLANTA,  April 29, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0150. CHRISTOPHER SIMS v. THE STATE.**

In November 2017, Christopher Sims entered a negotiated guilty plea in Wilkes County Superior Court to three counts of violation of the Street Gang Terrorism and Prevention Act, two counts of aggravated assault, possession of a firearm during the commission of a felony, conspiracy to commit murder, and possession of marijuana with intent to distribute. In April 2021, Sims filed a "pro se out of time motion to withdraw guilty plea." Construing the motion as seeking to file an out-of-time appeal and to withdraw Sims's plea, the trial court denied the motion. Sims then filed this appeal, in which he challenges the trial court's denial of this motion and various requests ancillary to the motion, such as for the appointment of counsel.

In a recent case, the Supreme Court determined that a trial court lacks authority to grant an out-of-time appeal. *Cook v. State*, ___ Ga. ___, ___ (5) (Case No. S21A1270, decided Mar. 15, 2022). This holding is to be applied to "all cases that are currently on direct review or otherwise not yet final." Id. Sims, therefore, "had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State*, ___ Ga. ___, ___ (Case No. S21A1036, decided Mar. 15, 2022). Similarly, Sims had no right to file an out-of-time motion to withdraw his guilty plea. See *Schoicket v. State*, 312 Ga. 825, 827 (1) (865 SE2d 170) (2021) ("[w]hen a defendant seeks to withdraw [his] guilty plea after the expiration of [the] term of court [in which his plea was entered], [he] must pursue such releif through habeas corpus proceedings"). Thus, rather than denying Sims's motion, the trial court should have dismissed it. See *Rutledge*, ___ Ga. at ___; *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) (where defendant files an untimely motion

to withdraw his plea, it must be dismissed, rather than denied).

Accordingly, the trial court's order denying Sims's "pro se out of time motion to withdraw guilty plea" is hereby VACATED, and this appeal is hereby REMANDED for the entry of an order dismissing Sims's motion.[1] Sims is advised that any subsequent attempt to appeal the trial court's order entering the judgment of conviction and denying his motion for out-of-time appeal will likely be dismissed as untimely. See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Sims's motion will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018); *Brooks*, 301 Ga. at 752 (2). If Sims believes that he was unconstitutionally deprived of his right to appeal, he may be able to pursue relief for that claim through a petition for habeas corpus, along with claims alleging deprivation of his constitutional rights in the proceedings that led to his guilty plea and conviction. See OCGA § 9-14-41 et seq. Sims should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   04/29/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen* , *Clerk.*

---

[1] Because there is no legal authority for the primary relief Sims seeks, his challenges to the denial of his ancillary requests are moot. See *Mobuary v. State*, ___ Ga. App. ___, ___ (2) (Case No. A22A1922, decided Apr. 14, 2022) (holding that claim that trial court erred in denying motion for appointment of counsel to assist with out-of-time appeal was moot).