# Court of Appeals
# of the State of Georgia

ATLANTA,  May 04, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1354. MICHAEL GLOVER v. THE STATE.**

Following a jury trial, Michael Glover was convicted in August 2017 of rape and aggravated sodomy. He thereafter filed a timely motion for new trial, which was denied in February 2019. In October 2021, Glover filed a motion for an out-of-time appeal, and on March 8, 2022, the trial court entered an order granting that motion. Glover then filed the current appeal. We, however, lack jurisdiction.

In *Cook v. State*, ___ Ga. ___ (___ SE 2d ___) (Case No. S21A1270, decided March 15, 2022), the Supreme Court of Georgia eliminated the judicially created out-of-time-appeal procedure, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5) (slip op. at 82). C*ook* also concluded that this holding would apply to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4) (slip op. at 80-81).

Accordingly, the trial court's March 8, 2022 order granting Glover's motion for an out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Glover's motion. Additionally, given that Glover's motion for an out-of-time appeal was granted, the trial court is directed to vacate any subsequent rulings on filings where the court's jurisdiction to enter those rulings was based on the granted out-of-time appeal. Glover is advised that any subsequent attempt to

appeal the trial court's August 25, 2017 judgment of conviction against him will likely be dismissed as untimely. See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Glover's motion for an out-of-time appeal will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (804 SE2d 1) (2017). If Glover believes that he was unconstitutionally deprived of his right to an appeal, he may be able to pursue relief for that claim, as well as any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction, by way of a petition for writ of habeas corpus. See OCGA § 9-14-41 et seq. Glover should be aware, however, of the restrictions that may apply to such habeas corpus filings, including the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/04/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*