# Court of Appeals
# of the State of Georgia

ATLANTA,  May 11, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0783.  NICHOLAS DEPAUL BURSE v. THE STATE.**

Appellant was convicted, following a jury trial, of armed robbery, and two counts each of aggravated assault and possession of a firearm during the commission of a felony, and judgment was entered against him on November 30, 2012. Before judgment was entered and while still represented by counsel, Appellant filed a pro se motion for new trial on November 28, 2012. He subsequently filed counseled amended motions for new trial on January 17, 2017, June 26, 2017, and June 25, 2018. Following a hearing, the trial court denied Appellant's motions for new trial on January 22, 2021, and he appealed to this Court on February 5, 2021. On March 21, 2021, this Court dismissed the appeal for lack of jurisdiction, concluding that Appellant did not file a timely motion for new trial through counsel. On April 30, 2021, Appellant filed a motion for out-of-time appeal, which the trial court granted on October 7, 2021. Appellant filed a timely notice of appeal from that order on November 4, 2021.

However, in *Cook v. State*, ___ Ga. ___ (___ SE2d ___) (2022 Ga. LEXIS 65, 2022 WL 779746) (Case No. S21A1270, decided March 15, 2022), the Supreme Court of Georgia eliminated the judicially created out-of-time-appeal procedure in trial courts, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in the trial courts." Id. at ___ (5) (slip op. at 82). *Cook* also concluded that this holding is to be applied to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court

orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at ___ (4) (slip op. at 80-81).

Accordingly, the trial court's October 7, 2021 order, granting Appellant's motion for an out-of-time appeal, is vacated, and this case is remanded for the entry of an order dismissing Appellant's motion. Additionally, given that Appellant's motion for out-of-time appeal was granted in this case, the trial court is directed to vacate any subsequent rulings on filings that the court lacked jurisdiction to decide without the granted out-of-time appeal. Appellant is advised that any subsequent attempt to appeal the trial court's November 30, 2012 entry of the judgment of conviction against him will likely be dismissed as untimely. See OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Appellant's motion for an out-of-time appeal will be unlikely to present any cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (804 SE2d 1) (2017).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __05/11/2022__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ *, Clerk.*