# Court of Appeals
# of the State of Georgia

ATLANTA,  June 09, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1476. RICHARD BRYSON v. THE STATE.

In September of 2010, Richard Bryson pled guilty to a single charge of incest. Acting pro se, Bryson filed an extraordinary motion for a new trial in December 2016, which the trial court denied. This Court subsequently denied Bryson's application for a discretionary appeal.[1] On December 1, 2021, Bryson filed a pro se motion for an out-of-time appeal, and on March 23, 2022, the trial court dismissed that motion for lack of jurisdiction. Bryson then filed the current appeal.

In *Cook v. State*, ___ Ga. ___ (870 SE 2d 758) (Case No. S21A1270, decided March 15, 2022), the Supreme Court of Georgia eliminated the judicially created out-of-time-appeal procedure, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5). *Cook* also concluded that this holding would apply to "all cases that are currently on direct review or otherwise not yet final[,]" id., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed[.]" Id. at ___ (4).

Given that the trial court order dismissing Bryson's motion for an out of time appeal was correct as a matter of law, that ruling presents no cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017). Accordingly, this appeal is hereby

---

[1] *Bryson v. The State*, Case No. A17D0249 (decided February 2, 2017).

DISMISSED.[2]



*Court of Appeals of the State of Georgia*
       *Clerk's Office, Atlanta,* __06/09/2022__

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] If Bryson believes that he was unconstitutionally deprived of his right to an appeal, he may be able to pursue relief for that claim, as well as any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction, by way of a petition for writ of habeas corpus. See OCGA § 9-14-41 et seq. Bryson should be aware, however, of the restrictions that may apply to such habeas corpus filings, including the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.