# Court of Appeals
# of the State of Georgia

ATLANTA, June 09, 2022

*The Court of Appeals hereby passes the following order:*

**A22A1432. JOSEPH STEVEN PHILLIPS v. THE STATE.**

In October 2018, Joseph Steven Phillips pleaded guilty to four counts of aggravated assault against an on-duty law enforcement officer. Acting pro se, Phillips filed a motion for an out-of-time appeal in February 2022, and on March 30, 2022, the trial court dismissed that motion for lack of jurisdiction. Phillips then filed the current appeal on May 10, 2022. As explained below, the appeal must be dismissed for two reasons.

First, Phillips's notice of appeal was untimely. OCGA § 5-6-38 (a) requires a notice of appeal to be filed within 30 days of entry of the judgment or trial court order sought to be appealed. And the timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Redford v. State*, 357 Ga. App. 247, 250 (850 SE2d 447) (2020). Phillips's notice of appeal was filed 41 days after entry of the trial court's order denying his motion. Thus, we lack jurisdiction over this case.

Second, this appeal fails as a matter of law. As the trial court's order explained, in *Cook v. State*, ___ Ga. ___ (870 SE 2d 758) (Case No. S21A1270, decided March 15, 2022), the Supreme Court of Georgia eliminated the judicially-created out-of-time-appeal procedure. Specifically, *Cook* held that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." Id. at ___ (5). *Cook* also concluded that this holding would apply to all "cases that are pending on direct review or not yet final[,]" and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed[.]" Id. at ___ (4). Because the trial court order dismissing Phillips's motion for an out of time appeal

was correct as a matter of law, that ruling presents no cognizable basis for an appeal. See *Henderson v. State*, 303 Ga. 241, 244 (2) (811 SE2d 388) (2018); *Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017).

Given our lack of jurisdiction and because the appeal otherwise fails as a matter of law, this appeal is hereby DISMISSED. If Phillips believes that he was unconstitutionally deprived of his right to appeal, he may be able to pursue relief for that claim through a petition for a writ of habeas corpus, along with any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction. See OCGA § 9-14-41 et seq. Phillips should be aware of the possible application of the restrictions that apply to such habeas corpus filings, such as the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __06/09/2022__

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.