# Court of Appeals
# of the State of Georgia

ATLANTA, June 28, 2022

*The Court of Appeals hereby passes the following order:*

## A22A1030. FREDERICK C. JONES v. THE STATE.

Following a jury trial, Frederick C. Jones was convicted of trafficking cocaine and possession of marijuana in violation of the Georgia Controlled Substances Act. The trial court sentenced him to a total of 40 years, with the first 30 years to be served in confinement and the balance to be served on probation. Through counsel, Jones filed a timely motion for new trial, which the trial court denied on April 30, 2019. Jones did not file a notice of appeal. On February 20, 2020, Jones filed a motion for out-of-time appeal, alleging that appellate counsel's ineffective assistance frustrated his right to appeal. The trial court granted that motion on January 24, 2022, and Jones filed a notice of appeal the next day.

Until recently, Georgia law recognized an out-of-time appeal as the judicially-created remedy for "a criminal defendant [who] demonstrates that his appeal of right has been frustrated by a violation of constitutional magnitude[.]" *Collier v. State,* 307 Ga. 363, 371 (2) (834 SE2d 769) (2019). However, the Supreme Court of Georgia has since held that "there was and is no legal authority for motions for out-of-time appeal in trial courts," and "the out-of-time appeal procedure . . . is not a legally cognizable vehicle for a convicted defendant to seek relief from alleged constitutional violations." *Cook v. State,* ___ Ga. ___ , ___ (5) (slip op. at 82) (Case No. S21A1270, decided March 15, 2022). This holding applies to "all cases that are currently on direct review or otherwise not yet final," including this case. See *id.*

In light of *Cook*, Jones "had no right to file a motion for an out-of-time appeal in the trial court; his remedy, if any, lies in habeas corpus." *Rutledge v. State,* ___ Ga. ___ , ___ (slip op. at 4) (Case No. S21A1036, decided March 15, 2022). Rather than

granting Jones's motion, the trial court should have dismissed it. See id. Accordingly, the trial court's order granting the motion for out-of-time appeal is hereby VACATED and this appeal is hereby REMANDED to the trial court, which is DIRECTED to enter an order dismissing the motion for out-of-time appeal. See id. See also *Brooks v. State,* 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) ("Because the trial court decided the merits of a motion it lacked jurisdiction to decide, we vacate the trial court's order and remand with instructions to dismiss.").



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,   06/28/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*