# Court of Appeals
# of the State of Georgia

ATLANTA,  June 28, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0830. WALTERS v. THE STATE.**

Following trial, on July 30, 2018, a jury convicted Antonio Walters on one count of voluntary manslaughter, as a lesser-included offense of felony murder, and one count of aggravated assault. Walters filed a timely motion for new trial, but on January 8, 2020, he withdrew that motion. A little over one month later, now proceeding *pro se*, Walters filed a motion for an out-of-time appeal, claiming his appellate counsel who represented him at the time of withdrawing the motion for new trial rendered ineffective assistance, resulting in a failure to file a direct appeal. On August 16, 2021, the trial court entered an order granting that motion, and Walters then filed the current appeal. We, however, lack jurisdiction.

In *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), the Supreme Court of Georgia eliminated the judicially created out-of-time appeal procedure, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because "there was and is no legal authority for motions for out-of-time appeal in trial courts." *Id*. at 506 (5). *Cook* also concluded that this holding would apply to "all cases that are currently on direct review or otherwise not yet final[,]" *id*., and directed that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits . . . should be vacated if direct review of the case remains pending or if the case is otherwise not final[.]" *Id*. at 505 (4).

Accordingly, the trial court's August 16, 2021 order granting Walters's motion for an out-of-time appeal is vacated, and this case is remanded for the entry of an order dismissing Walters's motion. Additionally, given that Walters's motion for an

out-of-time appeal was granted, the trial court is directed to vacate any subsequent rulings, if any, on filings in which the court's jurisdiction to enter those rulings was based on the granted out-of-time appeal. Walters is advised that any subsequent attempt to appeal the trial court's July 30, 2018 judgment of conviction against him will likely be dismissed as untimely. *See* OCGA § 5-6-38 (a). Furthermore, the trial court's entry of an order on remand dismissing Walters's motion for an out-of-time appeal will be unlikely to present any cognizable basis for an appeal. *See Brooks v. State*, 301 Ga. 748, 752 (2) (804 SE2d 1) (2017) (noting that when a trial court is presented with a motion it lacks jurisdiction to decide, the trial court should dismiss the motion rather than deny it).

If Walters believes that he was unconstitutionally deprived of his right to an appeal, he may be able to pursue relief for that claim, as well as any other claims alleging deprivation of his constitutional rights in the proceedings that resulted in his conviction, by way of a petition for writ of habeas corpus. *See* OCGA § 9-14-41 et seq. Walters should be aware, however, of the restrictions that may apply to such habeas corpus filings, including the time deadlines provided by OCGA § 9-14-42 (c) and the limitation on successive petitions provided by OCGA § 9-14-51.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _06/28/2022_

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* _Stephen E. Castlen_