## S07A1035. SPILLER v. THE STATE.
(647 SE2d 64)

SEARS, Chief Justice.

In 2001, a Fulton County jury convicted Marvin Spiller of felony murder, aggravated assault, and possession of a firearm during the commission of a felony in connection with the shooting death of Courtney Price. Spiller appeals, arguing that he received ineffective assistance of trial counsel. He also contends the trial court erred in overruling his objection to a statement the prosecutor made during closing argument, erroneously instructed the jury, and improperly denied his motion for a directed verdict of acquittal at the close of the State's evidence. Finding no merit in these arguments, we affirm.[1]

1. Spiller does not challenge the sufficiency of the evidence used to convict him. Nevertheless, a brief account of his crimes may be helpful to put the issues on appeal in context. The evidence in the record was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that on June 2, 1995, Spiller drove his car through a crowd of young men playing basketball on the street three times. Each time, the men avoided injury only by jumping out of the way. Following an altercation with some of the men, Spiller drove to his girlfriend's home nearby, retrieved his .22 caliber rifle from the closet, and returned to the area where the young men were playing

[1] Spiller's crimes took place on June 2, 1995. On September 15, 1995, a Fulton County grand jury indicted him for malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. On November 8, 1996, the jury convicted Spiller on all counts except possession of a firearm by a convicted felon, but the convictions were set aside on April 11, 2001, when the trial court granted Spiller's motion for new trial. The State retried Spiller, and on June 28, 2001, a second jury convicted Spiller of felony murder, aggravated assault, and possession of a firearm during the commission of a felony. The trial court merged the aggravated assault conviction into the felony murder conviction and then sentenced Spiller to life in prison for the felony murder and a concurrent five-year term for the firearm conviction. Spiller did not file a timely motion for new trial or notice of appeal.

On September 19, 2001, Spiller sought permission to file an out-of-time motion for new trial. On March 28, 2002, while his request in Fulton County Superior Court was still pending, Spiller filed a pro se petition for habeas corpus in the Richmond County Superior Court. The Fulton County Superior Court subsequently granted Spiller permission to file an out-of-time motion for new trial, which Spiller filed on April 10, 2002. The habeas court conducted a hearing on May 28, 2002, and denied Spiller's petition on June 4, 2002. The Fulton County Superior Court conducted a hearing on Spiller's motion for new trial on October 11, 2002. On August 22, 2003, the trial court denied the new trial motion because the same issues had been raised and decided adversely to Spiller in the habeas proceeding and because Spiller waived his right to seek relief in another forum by electing to pursue his habeas corpus petition to a final determination. Spiller did not timely appeal the trial court's order denying the new trial motion. On September 23, 2003, appellate counsel was appointed to represent Spiller, and on March 14, 2005, Spiller sought permission to file an out-of-time appeal, which was granted on March 25, 2005. Spiller filed a notice of appeal on April 7, 2005, and an amended notice of appeal on November 16, 2005. The case was docketed in this Court on March 30, 2007, and orally argued on June 5, 2007.

basketball. He hid in the bushes and fired into the crowd of young men. One shot struck and killed Courtney Price. Spiller heard other gunshots and left. Police traced the other gunshots to Stephen Hill, who fired his 9mm handgun into the air after he heard gunshots nearby.

2. Spiller insists that the trial court erred in denying him a hearing on his claim that he received ineffective assistance of counsel at his 2001 trial. By this, he means that at the hearing on his out-of-time motion for new trial, the trial court refused to allow him to introduce evidence that his trial counsel's performance was constitutionally deficient and that but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the 2001 trial would have been different.[2] This argument is meritless.

Spiller had an evidentiary hearing on his claim of ineffective assistance of trial counsel, and his claim was rejected. While his application for permission to file an out-of-time motion for new trial was pending in the Fulton County Superior Court, he filed a pro se petition for habeas corpus in the Richmond County Superior Court.[3] The habeas court conducted a hearing on Spiller's claims on May 28, 2002, after the trial court had granted his application for permission to file an out-of-time motion for new trial. Spiller was advised at the habeas hearing that if he elected to pursue his ineffective assistance of counsel claim there, he would be precluded from relitigating the issue elsewhere. Spiller, who acted as his own counsel at the habeas proceeding, stated unequivocally on the record that he wished the habeas court to determine the issue. The habeas court rejected Spiller's ineffective assistance of counsel claim on the merits after determining that he had failed to demonstrate both deficient performance and resulting prejudice. Spiller did not appeal the order denying his petition for habeas corpus.

At the subsequent hearing on the out-of-time motion for new trial, the trial court was informed that Spiller had already had a hearing on his pro se habeas petition regarding the same issues raised in the new trial motion, that the habeas court had entered a final order denying the petition, that Spiller was informed at the habeas hearing that by proceeding to a final determination on the habeas petition, he would be foreclosed from seeking any other remedy, and that Spiller indicated on the record that he wished to proceed with the habeas hearing anyway. When the trial court asked

---

[2] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Jones v. State*, 279 Ga. 854, 855 (622 SE2d 1) (2005).

[3] Spiller was incarcerated in Richmond County.

Spiller directly whether this account of what occurred in the habeas proceeding was correct, Spiller said "Yes" and stated that he had nothing else to add.[4]

Under OCGA § 9-12-40,[5] "[i]ssues previously decided by a court of competent jurisdiction are conclusive and constitute a procedural bar to relitigation."[6] This Court has long recognized that the doctrine of res judicata embodied in OCGA § 9-12-40 applies to final judgments rendered by habeas courts.[7] Accordingly, the trial court properly held that Spiller's decision to go forward with the habeas proceeding precluded him from relitigating his ineffective assistance of counsel claim at the hearing on his out-of-time motion for new trial.[8]

3. Spiller contends the trial court erred in overruling his objection to the prosecutor's statement during closing argument that the size of the entry wound in Price's skin showed that the fatal bullet came from Spiller's rifle. Spiller's counsel raised a contemporaneous objection, and the prosecutor responded, "I am able to argue inferences from the facts." The trial court overruled the objection and immediately instructed the jury as follows:

> Ladies and gentlemen, you are the determiners of the facts. You are the determiners of what inferences may appropriately be drawn from those facts. You are not obligated to accept or reject any argument.

The trial court then allowed the prosecutor to continue with his closing argument.

---

[4] Spiller objects that certified copies of the transcript from the habeas hearing and the habeas court's final order denying his petition were not introduced into evidence at the hearing on the out-of-time motion for new trial. Spiller makes the remarkable argument that his own testimony regarding what occurred at the habeas hearing constituted a legally insufficient basis for the trial court to determine what actually transpired there. This argument is meritless. Moreover, the State responded to Spiller's argument by filing a motion to supplement the record on appeal to include copies of the hearing transcript and final order. We hereby grant the motion and note that the account provided to the trial court and confirmed by Spiller himself was accurate.

[5] OCGA § 9-12-40 provides as follows:
    A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

[6] *Walker v. Penn*, 271 Ga. 609, 610 (523 SE2d 325) (1999).

[7] *Mitchem v. Balkcom*, 219 Ga. 47, 47 (131 SE2d 562) (1963); *Perry v. McLendon*, 62 Ga. 598, 603-605 (1879).

[8] *Martin v. State*, 228 Ga. App. 548, 550 (492 SE2d 307) (1997).

Both the prosecution and the defense are permitted wide latitude in their closing arguments in a criminal trial.[9] Closing argument is appropriate as long as it is derived from evidence properly before the jury.[10] A request to limit the scope of closing argument is addressed to the sound discretion of the trial court, and we will not reverse the trial court's ruling absent a showing of an abuse of that discretion.[11]

Here, the prosecution asked the jury to infer from the size of the entry wound that the bullet that struck and killed Price came from Spiller's gun. Contrary to Spiller's argument, this inference was a permissible one from the evidence presented at trial. Accordingly, the trial court did not abuse its discretion in overruling the objection.

4. Spiller claims the trial court erred in charging the jury that it could convict him of homicide simply because he shot his gun in the direction of the victim. The trial court did no such thing. Jury instructions must be read and considered as a whole to determine whether the trial court has committed reversible error.[12] The trial court told the jurors directly that they were duty-bound to acquit Spiller if

> you believe that the death of [Price] was caused by some other act or agency with which [Spiller] had no connection and . . . was not caused by [Spiller] as and in the manner alleged in the bill of indictment or if you have any reasonable doubt as to such.

Accordingly, the trial court did not commit reversible error in instructing the jury.

5. Spiller argues the trial court erred in denying his motion for a directed verdict of acquittal because the evidence showed that it was more likely than not that the bullet that killed Price came from someone else's gun and because there was no evidence at all that the other shooter and Spiller were acting in concert. This argument is meritless.

First, Spiller moved for a directed verdict of acquittal only on the charge of malice murder, and he was acquitted of that charge. Spiller did not move for a directed verdict of acquittal on the felony murder,

---

[9] *Cooper v. State*, 281 Ga. 760, 763 (4) (c) (642 SE2d 817) (2007); *Banks v. State*, 281 Ga. 678, 682 (4) (642 SE2d 679) (2007).

[10] *Williams v. State*, 279 Ga. 600, 602 (2) (619 SE2d 649) (2005); *Morgan v. State*, 267 Ga. 203, 206 (3) (476 SE2d 747) (1996).

[11] *Banks*, supra, 281 Ga. at 682; *Terrell v. State*, 271 Ga. 783, 787 (5) (523 SE2d 294) (1999).

[12] *White v. State*, 281 Ga. 276, 280 (4) (637 SE2d 645) (2006); *King v. Brown*, 280 Ga. 747, 749 (2) (d) (632 SE2d 638) (2006).

aggravated assault, and possession of a firearm during the commission of a felony charges. Obviously, the trial court did not err in failing to grant a motion Spiller never made.

Second, even if Spiller had moved for a directed verdict of acquittal on these charges, denial of the motion would have been proper. We review the trial court's denial of a motion for a directed verdict of acquittal under the same standard that applies to a challenge to the sufficiency of the evidence to support the jury's verdict.[13] Thus, the question is whether the evidence, viewed in the light most favorable to the verdict, would enable a rational trier of fact to conclude beyond a reasonable doubt that Spiller was guilty of the crimes for which he was convicted. As explained in Division 1, the evidence presented at trial was constitutionally sufficient to support Spiller's convictions for felony murder, aggravated assault, and possession of a firearm during the commission of a felony. Accordingly, the trial court did not commit reversible error in denying Spiller's motion for a directed verdict of acquittal at the close of the State's evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 2007 —
RECONSIDERATION DENIED JULY 27, 2007.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Elizabeth A. Harris, Assistant Attorney General*, for appellee.

---

[13] *Smith v. State*, 280 Ga. 490, 492 (1) (629 SE2d 816) (2006); *Shelton v. State*, 279 Ga. 161, 162 (3) (611 SE2d 11) (2005).