S10A0154. DAVIS v. THE STATE.
(696 SE2d 644)

BENHAM, Justice.

In 1975, appellant Michael Davis pled guilty to malice murder, criminal attempt to commit armed robbery, and aggravated assault. He was sentenced to life in prison for murder and received concurrent five-year sentences for the other two offenses. On May 27, 2009, appellant, pro se, filed a "Motion Requesting Out-of-Time Appeal, Challenging Void Judgment and Sentencing Proceedings." The trial court denied the motion and appellant filed a timely notice of appeal.

In his motion to the trial court, appellant complained, among other issues, that he was denied his right to a "public trial," that he did not waive his constitutional rights at the time of his plea, and that he was not advised of his right to appeal a guilty plea. He also complained of the ineffective assistance of his counsel. These issues of which appellant complains were raised and resolved by a habeas proceeding initiated by appellant in 1992 and resolved by final judgment of the habeas court on June 15, 1998. Upon conducting several hearings and receiving evidence, the habeas court concluded as follows:

This Court finds that Petitioner's ["]plea of guilty and waiver of trial by jury certified form["] was signed by Petitioner and clearly sets forth the crime, the charges, and Petitioner's rights. Also, it sets forth that Petitioner was informed of his right to trial by jury, to present witnesses

and to choose whether he wanted to testify or not testify and of his right to cross-examination, etc.

In addition, the habeas court found that appellant's ineffective assistance of counsel claim lacked merit. Appellant filed an application for certificate of probable cause which this Court denied on January 8, 1999 (S98H1762).[*]

This Court has held that matters litigated in a habeas proceeding are collaterally estopped from being re-litigated elsewhere. *Spiller v. State*, 282 Ga. 351 (2) (647 SE2d 64) (2007); *Simmons v. State*, 276 Ga. 525, 526-527 (579 SE2d 735) (2003). Since the matters appellant raised in his motion for out-of-time appeal were already litigated in the previous habeas proceeding, the trial court did not err when it denied appellant's motion for out-of-time appeal and its judgment is affirmed pursuant to the right for any reason rule. *Braley v. City of Forest Park*, 286 Ga. 760 (2) (692 SE2d 595) (2010).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2010.

Michael Davis, *pro se.*

*Julia F. Slater, District Attorney, Lew S. Barrow, Jarrell H. Palmer Schley, Assistant District Attorneys, Thurbert E. Baker, Attorney General,* for appellee.

---

[*] Pursuant to *Petkas v. Grizzard*, 252 Ga. 104, 107-108 (312 SE2d 107) (1984), this Court may take judicial notice of the records of other cases before this Court, in the interest of doing substantial justice and as a means of judicial economy. See also *Simmons v. State*, 276 Ga. 525, 526, n. 3 (579 SE2d 735) (2003).