In the Supreme Court of Georgia

Decided:   November 2, 2015

S15A0930. BEASLEY v. THE STATE.

HINES, Presiding Justice.

John David Beasley files this pro se appeal from the denial of his amended motion for an out-of-time appeal following the entry of guilty pleas for felony murder and possession of a knife during the commission of a crime.  For the reasons that follow, we affirm.

On May 12, 2004, a Gwinnett County grand jury indicted Beasley for malice murder, two counts of felony murder, aggravated assault, burglary, and two counts of possession of a knife during the commission of a crime, all in connection with the death of Beasley's former girlfriend, Sylvia Saye.  On September 30, 2004, his appointed attorney, Raymon Burns, filed a "Petition for Psychiatric Evaluation," which the trial court granted; the evaluation found Beasley competent to stand trial and to be held criminally responsible for his actions.  At Beasley's request, Burns was replaced by Robert Greenwald as his

appointed attorney. On September 18, 2006, Beasley entered negotiated guilty pleas to felony murder (Count II) and possession of a knife during the commission of a crime (Count VI).

Among Beasley's many post-conviction court filings, on March 6, 2009, he filed a petition for a writ of habeas corpus, contending, inter alia, that: 1) he did not receive effective assistance of counsel; 2) his pleas were not knowingly and voluntarily entered as he was not informed that intent was an element of the crimes to which he pled guilty; and, 3) the trial court erred in entering an order of nolle prosequi to the aggravated assault count, and then accepting his guilty plea in a felony murder count predicated on the act of aggravated assault. The habeas court denied the petition on October 15, 2013, and Beasley's application for a certificate of probable cause to appeal was dismissed by this Court on June 30, 2014 because it was not timely filed; his motion to reconsider that dismissal was denied on July 28, 2014.

Beasley's post-conviction court filings also include, in the trial court, a March 24, 2014 "Motion to Withdraw Guilty Plea"; on April 30, 2014, the trial court denied this motion. On October 7, 2014, Beasley filed a "Motion for Out of Time Appeal," and on October 22, 2014, a "Motion for Appointment of

2

Counsel"; he then amended his "Motion for Out of Time Appeal," and filed another "Motion for Appointment of Counsel." The trial court denied his amended motion for an out-of-time appeal, and he now appeals from that order.

Beasley contends that: 1) his trial counsel was ineffective; 2) his pleas were not voluntary because he was not informed that intent was an element of the crimes to which he pled; 3) the trial court erred in entering an order of nolle prosequi to the aggravated assault count, and then accepting his guilty plea in a felony murder count predicated on the act of aggravated assault; and, 4) the trial court should have, sua sponte, inquired into his competency before accepting his pleas. With the exception of the claim that the trial court should have sua sponte inquired into his competency, Beasley raised these same grounds of alleged trial court error in his prior petition for a writ of habeas corpus. The habeas court denied his request for relief, which precludes consideration of all of these issues now under the doctrine of res judicata.

> Three prerequisites must be satisfied before res judicata applies—(1) identity of the cause of action, (2) identity of the parties or their privies, and (3) previous adjudication on the merits by a court of competent jurisdiction. Where a convict seeks post-conviction relief based upon grounds previously litigated in a habeas proceeding, i.e., were raised in a habeas proceeding and resolved by the final judgment of the habeas court, this Court has

3

determined that the convict is collaterally estopped from pursuing those grounds in his effort to obtain post-conviction relief.

*Wiggins v. State*, 288 Ga. 169, 170 (1) (702 SE2d 865) (2010) (Citations and punctuation omitted.)  And, although Beasley did not assert in the habeas court that the trial court failed, sua sponte, to inquire into his competency at his plea hearing, the doctrine of res judicata precludes not only re-litigation of claims that were actually adjudicated in the prior cause of action, but those which could have been adjudicated therein.  *Body of Christ Overcoming Church of God v. Brinson*, 287 Ga. 485, 486 (696 SE2d 667) (2010).  In the habeas court, Beasley asserted in connection with his claim of ineffective assistance of counsel that counsel should have moved for a competency hearing, and he could have also raised the issue of whether the trial court had a duty, sua sponte, to order such a hearing.[1]  However, he did not do so and thus, in his amended motion for an

[1] Further, a trial court has no burden to conduct, sua sponte, an inquiry into a defendant's competence if there is no indication that such an inquiry is warranted. *Lytle v. State*, 290 Ga. 177, 179 (3) (718 SE2d 296) (2011).  And,

> a defendant is not entitled to an out-of-time appeal unless he had the right to file a direct appeal.  And a direct appeal from a judgment of conviction and sentence entered on a guilty plea is available only if the issue on appeal can be resolved by reference to facts on the record.  For this reason, the ability to decide the appeal based on the existing record is the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty.

*Burch v. State*, 293 Ga. 816 (750 SE2d 141) (2013) (Citations and punctuation omitted.)  There is

4

out-of-time appeal, consideration of this issue is precluded on the basis of res judicata.

Although the trial court did not cite res judicata in its order denying the amended motion for an out-of-time appeal, as the matters Beasley raised in that motion were precluded by that doctrine, the trial court did not err in denying the motion, and we affirm its judgment under the "right for any reason" rule. *Davis v. State*, 287 Ga. 414, 415 (696 SE2d 644) (2010).

<u>Judgment affirmed.  All the Justices concur.</u>

---

no evidence of record that there was any information at the plea hearing that would raise a bona fide doubt regarding Beasley's competence, and thus no error on the trial court's part in failing to conduct, sua sponte, a hearing regarding his competence. *Lytle*, supra at 179-180.