306 Ga. 164
FINAL COPY

S19A0605. COOPER v. THE STATE.

BLACKWELL, Justice.

Melvin Cooper appeals from the denial of his second motion for leave to take an out-of-time appeal. The earlier denial of his first motion for an out-of-time appeal, however, settled the question of whether he is entitled to an out-of-time appeal, and the matter is now res judicata. For that reason, the denial of his second motion is not error, and we affirm.

In 2001, pursuant to a plea agreement, Cooper pleaded guilty to the murder and armed robbery of Ejaz Rana. Cooper was sentenced to imprisonment for life without the possibility of parole for the murder and a consecutive term of imprisonment for life for armed robbery. He did not timely appeal from the judgment of conviction entered upon his guilty plea. In January 2007, Cooper filed a motion in which he sought in the alternative to vacate his conviction or to secure leave to pursue an out-of-time appeal. The

trial court denied his motion in December 2008, and Cooper did not then appeal. Nearly ten years later, in October 2018, Cooper filed a second motion for an out-of-time appeal. In his second motion, Cooper appears to have asserted substantially the same grounds for his claim that he is entitled to an out-of-time appeal as those that he asserted as the basis for his first motion, albeit with somewhat greater specificity. The trial court denied the second motion, and Cooper appeals.

The trial court was right to deny the second motion for an out-of-time appeal because Cooper's claim that he is entitled to an out-of-time appeal is barred by the doctrine of res judicata. "Res judicata precludes re-litigation of claims where the cause of action and the parties or their privies are identical and the claim was previously adjudicated on the merits by a court of competent jurisdiction." Brooks v. State, 301 Ga. 748, 750-751 (804 SE2d 1) (2017). All of the grounds asserted as the basis for the second motion appear to have been raised in connection with the first motion, and to the extent the second motion asserts anything new, it asserts nothing that Cooper

2

could not have raised at the time of his first motion. In either event, the denial of the first motion — which Cooper could have appealed, but did not — means that his entitlement to an out-of-time appeal is res judicata. See id. (under the doctrine of res judicata, the previous denial of a motion for out-of-time appeal barred new motion for an out-of-time appeal); Beasley v. State, 298 Ga. 49, 50 (779 SE2d 301) (2015) ("[T]he doctrine of res judicata precludes not only re-litigation of claims that were actually adjudicated in the prior cause of action, but those which could have been adjudicated therein."). The denial of the second motion is not error.

Judgment affirmed. All the Justices concur.

Decided June 10, 2019.

Murder. Cobb Superior Court. Before Judge Ingram.

Melvin Cooper, pro se.

D. Victor Reynolds, District Attorney, John R. Edwards, Kaitlin D. Southmayd, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Ashleigh D. Headrick, Assistant Attorney General, for appellee.