**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: December 20, 2022

S22A1083.  HARVEY v. THE STATE.

ELLINGTON, Justice.

Holly Harvey appeals from an order of the trial court denying her motion for an out-of-time appeal, denying her motion to modify her sentences, and dismissing her motion to withdraw her guilty pleas. After reviewing the record, we conclude that the trial court properly dismissed her motion to withdraw her guilty pleas because it was untimely filed. Because her motion for an out-of-time appeal and motion to modify her sentences also should have been dismissed, we vacate that part of the trial court's order denying these motions and remand to the trial court with direction.

This is the second time this case has been before this Court. See *Harvey v. State*, 312 Ga. 263 (862 SE2d 120) (2021) ("*Harvey I*"). Pertinent to this appeal, the record shows that Harvey was indicted

by a Fayette County grand jury in September 2004 for two counts of malice murder, two counts of felony murder, and one count of armed robbery in connection with the August 2, 2004, stabbing deaths of her grandparents. She entered negotiated guilty pleas to two counts of malice murder on April 14, 2005, and was sentenced the same day to two consecutive life sentences. Seven years later, Harvey filed a pro se motion for an out-of-time appeal in which she argued that her plea counsel provided constitutionally ineffective assistance of counsel and that she was entitled to withdraw her guilty pleas because counsel's ineffectiveness frustrated her ability to seek review of her pleas. After she amended her motion for an out-of-time appeal multiple times, the trial court denied the motion on February 19, 2021, a decision we affirmed in *Harvey I.*

In January 2022, Harvey returned to the trial court, where she filed the motions at issue in this appeal: for an out-of-time appeal, to withdraw her April 2005 guilty pleas, and to modify her sentences. She amended the motion to modify her sentence and motion to withdraw her guilty pleas on February 10, 2022, and on

2

February 14 and 15, 2022, the trial court entered orders in which it denied both the motion for out-of-time appeal and motion to modify her sentences and dismissed as untimely under OCGA § 17-10-1 (f) the motion to withdraw her guilty pleas. Harvey challenges the trial court's decision as to each of these motions in this appeal.[1]

1. Harvey contends the trial court erred by denying her motion for an out-of-time appeal. We agree, because the trial court should have dismissed the motion rather than consider its merits.

In *Cook v. State*, 313 Ga. 471 (870 SE2d 758) (2022), this Court eliminated the judicially created out-of-time-appeal procedure, holding that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because there "is no legal authority for motions for out-of-time appeal in trial courts." Id. at 506 (5). We also directed in *Cook* that "pending and future motions for out-of-time appeals in trial courts should be dismissed, and trial court orders that have decided such motions on the merits … should

---

[1] Harvey filed a timely notice of appeal from the trial court's order. The appeal was docketed to the August 2022 term in this Court and submitted for a decision on the briefs.

be vacated if direct review of the case remains pending or if the case is otherwise not final." Id. at 505 (4). Accordingly, that part of the trial court's order denying Harvey's motion for an out-of-time appeal is vacated and remanded to the trial court for the entry of an order dismissing the motion.[2]

Citing our decision in *Cook*, Harvey also argues that this Court should recall the remittitur in *Harvey I* and remand that case to the trial court with direction that the motion be dismissed because the trial court lacked jurisdiction to consider her first motion for out-of-time appeal on its merits. As previously stated, however, our holding

---

[2] Even if Harvey's motion for out-of-time appeal was not subject to dismissal under *Cook*, the claims she raises in the motion would be barred by the doctrine of res judicata. "Res judicata precludes re-litigation of claims where the cause of action and the parties or their privies are identical and the claim was previously adjudicated on the merits by a court of competent jurisdiction." (Citation omitted.) *Cooper v. State*, 306 Ga. 164, 165 (829 SE2d 365) (2019). The record in this case demonstrates that each of the grounds on which Harvey bases her claims for a second out-of-time appeal were either raised or could have been raised in her first motion for an out-of-time appeal, and the denial of those claims became final when affirmed in *Harvey I*. See, e.g., *Cooper*, 306 Ga. at 165 (holding that under the doctrine of res judicata, the previous denial of a motion for out-of-time appeal bars a new motion for an out-of-time appeal); *Beasley v. State*, 298 Ga. 49, 50 (779 SE2d 301) (2015) ("[T]he doctrine of res judicata precludes not only re-litigation of claims that were actually adjudicated in the prior cause of action, but those which could have been adjudicated therein."). Any attempted re-litigation of these claims would, therefore, be barred.

4

in *Cook* applies only to cases that were on "direct review or otherwise not yet final" when the opinion issued. Harvey's first motion for an out-of-time appeal was denied by the trial court in February 2021, and that denial was affirmed by this Court on August 10, 2021, before *Cook* was decided. The denial of Harvey's initial motion for an out-of-time appeal became final before *Cook* was issued and was unaffected by that decision. Accordingly, there is no basis for this Court to recall the remittitur in *Harvey I*.

2. Harvey asserts that the trial court erred by dismissing the motion to withdraw her guilty pleas. Because the motion was untimely filed, the trial court properly dismissed this motion.

Under Georgia law, a motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea. See *Schoicket v. State*, 312 Ga. 825, 827 (1) (865 SE2d 170) (2021); *Brooks v. State*, 301 Ga. 748, 751 (2) (804 SE2d 1) (2017). As we recognized in *Schoicket*, "[t]his well-established rule is merely the application of a bedrock common-law principle that applies equally to other criminal motions and in civil cases." 312 Ga. at 827.

And, if a defendant seeks to withdraw a guilty plea after expiration of the term of court in which the sentence was imposed, the defendant "must pursue such relief through habeas corpus proceedings." Id. Harvey's motion to withdraw her guilty pleas was filed in the Fayette County Superior Court more than 16 years after her 2005 sentencing by that court. It was, therefore, untimely, and the trial court lacked jurisdiction to consider the motion on its merits. Accordingly, it was properly dismissed.

We reject Harvey's suggestion that we should recognize a defendant's right to file an otherwise untimely motion to withdraw a guilty plea because, she asserts, habeas corpus is a constitutionally inadequate remedy. As we did in *Schoicket*, we decline the invitation to "invent additional remedies that might further complicate our post-conviction jurisprudence." 312 Ga. at 826. The General Assembly has enacted habeas statutes balancing the competing interests of a defendant's constitutional rights and ensuring finality of judgments, and this Court "lack[s] the authority to substitute our policy preferences for those of the General Assembly and thereby

6

allow a defendant to skirt the legislatively established process." See id. at 827-831.

3. Finally, Harvey asserts the trial court abused its discretion by denying her motion to modify her sentences under OCGA § 17-10-1 (f). But the trial court lacked jurisdiction to consider the motion on its merits, and the motion should have been dismissed.

OCGA § 17-10-1 (f) grants a sentencing court "the jurisdiction, power and authority" to modify or vacate a sentence it previously entered, but this authority is limited. "The sentencing court generally has jurisdiction to modify or vacate such a sentence only for one year following the imposition of the sentence[,]" *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013), or "within 120 days after receipt by the sentencing court of the remittitur upon affirmance of the judgment after direct appeal, whichever is later." OCGA § 17-10-1 (f). Here, because Harvey did not appeal from her guilty pleas and sentences and filed her motion to modify her sentences more than a year after the sentences were imposed, the

trial court lacked jurisdiction to consider the motion on its merits.[3]

Accordingly, we vacate that part of the trial court's order denying Harvey's motion to modify her sentences, and we remand the case to the trial court with direction that the motion be dismissed.

*Judgment affirmed in part and vacated in part, and case remanded with direction. All the Justices concur.*

---

[3] Although a sentencing court has jurisdiction to vacate a *void* sentence at any time, see *von Thomas*, 293 Ga. at 571 (2), Harvey does not claim that her two life sentences for the malice murders of her grandparents were not authorized. See OCGA § 16-5-1 (e) (1) (authorizing sentences of death, life imprisonment without parole, or imprisonment for life for any person convicted of the offense of murder).