**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26A0283
I'Kenyo Shine
v.
The State

On Appeal from the Superior Court of Bibb County
No. 05CR59165

Decided: April 21, 2026

LAND, Justice.

In 2006, I'Kenyo Shine, with the assistance of counsel, entered a negotiated plea pursuant to *North Carolina v. Alford*, 400 US 25 (1970), to the felony murder of Jerome Hill. He received a life sentence and did not file a direct appeal. Since entering his plea, Shine has filed many different motions and actions in several different courts in an attempt to avoid the consequences of that plea, including several unsuccessful petitions for the writ of habeas corpus and at least two motions for out-of-time appeal. Although the procedural history of this case is long and at times difficult to follow, the central issue on this appeal is straightforward: the question is whether the trial court abused its discretion by denying Shine's 2025 motion for an out-of-time appeal. Shine argues that the trial court abused its discretion when it denied his motion for out-of-time appeal on the ground of res judicata, that the trial court erred in relying on habeas corpus orders that failed to apply controlling precedent, and that Bibb County Superior Court Judge Howard Z. Simms erred in presiding over Shine's motion for out-of-time appeal after he had previously

recused himself from the case. For the reasons set forth below, we affirm the trial court's ruling.

In May 2005, a Bibb County grand jury indicted Shine on charges of malice murder, felony murder, armed robbery, aggravated assault, and possession of a firearm during the commission of a crime. On March 6, 2006, Shine, who was represented by counsel, entered an *Alford* plea on the felony murder charge and was sentenced to life in prison. The remaining charges were nolle prossed.

Shine's numerous post-conviction filings include a 2008 state habeas petition that directly challenged his guilty plea. That petition alleged over 20 separate grounds for why he should be granted habeas relief, including claims that his plea was invalid and that his lawyer was ineffective. In addition, Shine specifically alleged that he received ineffective assistance of counsel because plea counsel failed to file a motion to withdraw his plea and failed to advise him of his appellate rights.[1]

The habeas court denied the petition on May 6, 2009, concluding that none of Shine's claims had any merit. With respect to Shine's claim that plea counsel failed to file a motion to withdraw his guilty plea, the habeas court found that plea counsel "properly advised [Shine] that she could not file a motion to withdraw in which she raised a claim of ineffectiveness against herself." With respect to Shine's claim that counsel failed to advise him of his appellate rights, the habeas court found that counsel "did not violate any existing duty to advise a guilty plea of a nonexistent right" because, under *Smith v. State*, 266 Ga. 687 (1996),

---

[1] Although Shine's petition for writ of habeas corpus is not included in the record before us, the habeas court's May 6, 2009 order lays out the grounds raised by Shine.

which was controlling at the time, "there is no automatic right to a direct appeal from a guilty plea." We denied Shine's application for a certificate of probable cause to appeal that order. See *Shine v. Tillman, Warden*, S09H0126 (October 19, 2009).

Ten years later, in 2019, Shine filed a motion for out-of-time appeal, attempting to resurrect many of these rejected claims and citing this Court's opinion in *Collier v. State*, 307 Ga. 363 (2019) in support.[2] In that motion, Shine again argued that his plea counsel provided constitutionally deficient performance by failing to advise him of his appellate rights. Without holding an evidentiary hearing, and relying on the "approach mandated by *Collier*," the trial court (Judge Simms) granted Shine's motion on May 14, 2020, finding it "probable beyond a reasonable doubt that [Shine] was not advised of his right to appeal from his original guilty plea conviction."

While Shine's notice of appeal with this Court was pending, we decided *Cook v. State*, 313 Ga. 471 (2022), which eliminated the judicially created out-of-time appeal procedure and directed that "trial court orders that have decided [out-of-time appeal] motions on the merits ... should be vacated if direct review of the case remains pending or if the case is otherwise not final."[3] Id. at 505–

---

[2] *Collier* established that a defendant seeking an out-of-time appeal from a guilty plea was not required to "identify the meritorious issue he would have raised (on the existing record or otherwise) in a hypothetical appeal in order to establish that his counsel's deficient performance prejudiced him." 307 Ga. at 368–69.

[3] Prior to *Cook*, defendants seeking out-of-time appeals were permitted to seek this relief in either the trial court or in a habeas court. 313 Ga. at 472. In *Cook*, however, this Court held that a trial court is "without jurisdiction to decide [a] motion for out-of-time appeal" on the merits because there "is no legal authority for motions for out-of-time appeal in trial courts." Id. at 506.

06. Accordingly, we vacated the trial court's order granting Shine's motion for out-of-time appeal and remanded the case for the entry of an order dismissing the motion pursuant to *Cook*. See *Shine v. State*, S22A0439 (June 22, 2022). The trial court entered an order to that effect on September 7, 2022.

In response to our decision in *Cook*, the General Assembly enacted OCGA § 5-6-39.1 in 2025. That statute provides:

> (a)(1) … [A] defendant may move for leave to file an out-of-time motion for new trial or notice of appeal …:
>
> > (A) With the consent of the state;
> >
> > (B) By showing excusable neglect;
> >
> > (C) By showing that the failure to timely file such motion for new trial or notice of appeal was attributable to the deficient performance of such defendant's counsel; or
> >
> > (D) For other good cause shown.
>
> > …
>
> (b) In a criminal case, after a judgment of conviction, a defendant whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial or notice of appeal was dismissed based upon the Supreme

---

Thus, this Court overruled our prior cases recognizing the trial court out-of-time appeal procedure and confirmed that the habeas corpus process was the exclusive remedy for seeking postconviction relief of this sort. Id. at 505–06.

4

Court's decision in *Cook v. State*, 313 Ga. 471 (2022), and its progeny, shall have the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026, pursuant to subsection (a) of this Code section.

In reliance on this statute, Shine filed another motion for out-of-time appeal on May 23, 2025 (the "2025 motion"). In that motion, he once again contended that he was denied the effective assistance of counsel in connection with his guilty plea because plea counsel did not inform him "of his right to appeal his plea or of his right to file a motion to withdraw his guilty plea."

On August 15, 2025, the trial court (Judge Simms) denied Shine's 2025 motion, concluding that Shine had not been "procedurally stifled" by *Cook* because his "claims have been heard, they have been considered and they have been repeatedly denied as have his repeated attempts to appeal from those orders" and that his "duplicative claims would, then … be barred as res judicata." Shine timely filed a pro se notice of appeal from that order.

1. Shine argues that the trial court abused its discretion by denying his 2025 motion. Shine primarily relies on our decision in *Collier*, 307 Ga. at 363, and the express terms of OCGA § 5-6-39.1(a)(1)(C) to argue that he is entitled to an out-of-time appeal because his failure to file a timely notice of appeal years earlier was the result of his plea counsel's deficient performance.[4] Shine

---

[4] Shine raises a separate argument that his motion was denied without the trial court appointing counsel, determining whether he desired counsel, or obtaining a valid waiver under *Faretta v. California,* 422 US 806 (1975). This claim fails, however, because the trial court conducted a *Faretta* hearing on October 28, 2021, and concluded that Shine wished to represent himself on

5

argues that this result is mandated regardless of whether his ineffective assistance claims – which were denied on the merits in his first state habeas proceeding – would have been meritorious. While the general premise of Shine's argument is correct for guilty pleas taken after *Collier* (i.e., a defendant who wishes to appeal a post-*Collier* plea is not required to show that his appeal would have merit in order to be able to pursue an out-of-time appeal), that does not mean he is entitled to pursue an out-of-time appeal from his 2006 plea or that he has otherwise satisfied the provision of OCGA § 5-6-39.1(a)(1)(C), assuming without deciding that this statute applies to Shine's attempt to file an out-of-time appeal from his guilty plea. For the reasons discussed below, we conclude that he has not satisfied this provision and that the trial court did not abuse its discretion in denying Shine's motion.

At the time that Shine entered his guilty plea in 2006, *Collier* had not been decided, and defendants did not have an automatic right to appeal in the plea context. Instead, at that time, we had unequivocally held that a criminal defendant's right to appeal from a guilty plea was qualified and that such right was limited

---

appeal. Shine has not established that he ever re-invoked his right to be represented by counsel after he waived that right during the initial *Faretta* hearing. The trial court, therefore, did not abuse its discretion by failing to inquire again into Shine's desire to represent himself for the motion for out-of-time appeal. See *United States v. Nunez*, 137 FApp'x 214 (11th Cir. 2005) (where defendant had been deemed competent to represent himself at a *Faretta* hearing prior to his trial, the trial court had no obligation to reassess its *Faretta* decision absent a "showing of a substantial change in circumstances since the initial hearing"). See also *Clay v. State*, 378 Ga. App. 283, 288 (2026) ("[B]ecause [appellant] has not established that he ever invoked his right to be represented by counsel after he admittedly waived that right during the *Faretta* hearing, the trial court did *not* abuse its discretion when it (understandably) did not inquire about … a request for counsel that never actually happened." (emphasis in original)).

6

to those cases in which the issue on appeal could be resolved by the facts appearing in the record at the time of the plea. See *Smith*, 266 Ga. at 687 ("A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea."), overruled by *Collier*, 307 Ga. at 377; *Morrow v. State*, 266 Ga. 3, 3 (1995) ("[A]n appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record.").

Based on our precedent that applied at the time of Shine's plea and subsequent habeas action, Shine was unsuccessful in his state habeas action when he alleged the same claim he is alleging now. In that action, Shine specifically contended that he should be allowed an out-of-time appeal because his lawyer's deficient performance resulted in his failure to timely exercise his right of appeal in 2006. The habeas court expressly found that Shine had no right to appeal at that time and that his failure to appeal was accordingly not due to the deficient performance of his lawyer.[5] In sum, Shine lost the very claim he is asserting now on the merits in his state habeas action in 2009, and we declined to hear his appeal. The habeas court's ruling on that issue is res judicata, and Shine is not permitted a second bite at that apple through the out-of-time appeal procedure. See *Beasley v. State*, 298 Ga. 49, 50 (2015) (under doctrine of res judicata, habeas court's prior denial of request for relief precluded consideration of the issues raised in motion for out-of-time appeal); *Davis v. State*, 287 Ga. 414, 415 (2010) (where issues defendant raised in his motion for out-of-time appeal were "already litigated in the previous habeas pro-

---

[5] The habeas court also rejected Shine's contention that he did not file a timely motion to withdraw his guilty plea in 2006 due to the deficient performance of his lawyer.

ceeding," trial court did not err in denying defendant's motion because "matters litigated in a habeas proceeding are collaterally estopped from being re-litigated elsewhere"); *Spiller v. State*, 282 Ga. 351, 352–53 (2007) ("[Defendant]'s decision to go forward with the habeas proceeding precluded him from relitigating his ineffective assistance of counsel claim at the hearing on his out-of-time motion for new trial.").

Moreover, even if Shine's claim to an out-of-time appeal was not barred by res judicata, the claim fails on the merits because Shine has not carried his burden of showing that trial counsel was ineffective for failing to advise him of his right to appeal or in failing to pursue an appeal. He cannot show, and has not even attempted to show, that our precedent at the time of his 2006 plea gave him the right to appeal at that time. He has instead chosen to base his argument entirely on *Collier*'s overruling of our precedent in 2019. Specifically, Shine fails to show that any issue he intends to raise on appeal could be resolved from the facts that existed in the record at the time of his guilty plea and resulting sentence. Thus, he has failed to show that he had a right to appeal under our precedent as it existed in 2006 when he entered his plea or during the 30-day appeal window that followed the entry of that plea. As the habeas court correctly held, absent a right to appeal at that time, his lawyer could not have been deficient in failing to advise him of a non-existent right. For this additional reason, the trial court did not abuse its discretion in denying Shine's motion. See *Wheeler v. State*, 269 Ga. 547, 547 (1998) (affirming trial court's denial of defendant's motion for out-of-time appeal where defendant had "alleged only that his attorney's inadequate performance was the reason why no timely appeal was filed" and had not "set forth the questions he would raise in an out-of-time appeal" or explained how "the questions could be resolved by facts in the record"). See also *Smith v. State*, 287 Ga.

391, 402–03 n.5 (2010) (before a defendant can assert that his appeal was untimely because plea counsel was ineffective in advising him to appeal, he must show that "the claim he want[ed] to raise on appeal c[ould] be resolved on the face of the existing record" and that it "would not be resolved against him" (citing *Grantham v. State*, 367 Ga. 635, 635 (1997) and *Brown v. State*, 280 Ga. 658, 659 (2006))).

In fact, Shine has failed to include in the record before us any of the documents that would show whether an appeal in 2006 could have been resolved, favorably or not, by the facts appearing in the record at that time pertaining to the plea. Notably, he has failed to include in this record the plea transcript from 2006 or any of the documents pertaining to the entry of that plea. As the appellant, Shine has the burden to show error by the record, and his failure to include those documents in this record is fatal to his claim. See *Williams v. State*, S26A0389, slip op. at 5 (Ga. Mar. 17, 2026) (2026 WL 739103) ("It is the appellant's burden to show error by identifying in the record the thing he challenges on appeal and citing authority to show why that thing represents an error."); *Jacobs v. State*, 306 Ga. 571, 575 (2019) ("[I]t is not this Court's responsibility to cull the record to find support for a defendant's claims. … Even so, our review of the record shows that [ ]he has not proven h[is] claim.").

In short, Shine has failed to show that the qualified right to appeal from a guilty plea that existed in 2006 applied to his situation, meaning he has failed to show that he had a right to appeal under our precedent that existed at that time. Because Shine has failed to show that he had a right to appeal his guilty plea under our precedent existing at the time of that plea, he cannot show that his counsel's failure to file a timely notice of appeal

9

or advise him of that non-existent right constituted deficient performance. See *Momon v. State*, 322 Ga. 848, 853 n.3 (2025) (when considering whether counsel performed deficiently, "we assess objective reasonableness based on trial counsel's perspective at the time of trial, so we apply the law that was in effect at that time"). As a result, Shine has failed to show that his "failure to timely file such … notice of appeal was attributable to the deficient performance of" his counsel, and his claim that the trial court abused its discretion by denying his motion has no merit. See OCGA § 5-6-39.1(a)(1)(C).

2. Shine also attempts to challenge the habeas court's ruling in his first state habeas case, as well as this Court's subsequent dismissal of his application for a certificate of probable cause to appeal that ruling. Shine's attempt to relitigate the habeas case is meritless. He has already once attempted to appeal the ruling in that case and was unsuccessful. He is not permitted a second opportunity to appeal at this late date and makes no credible argument otherwise. See OCGA § 9-14-52(a) ("[A]s to final orders of the [habeas] court which are adverse to the petitioner no appeal shall be allowed unless the Supreme Court of this state issues a certificate of probable cause for the appeal.").

3. Finally, Shine contends that Judge Simms erred in presiding over and deciding his 2025 motion after he had previously recused himself from the case. We disagree.

The record reflects that Shine's 2019 motion for out-of-time appeal was granted by Judge Simms. At that time, Shine raised no concern regarding Judge Simms's handling of the case. Rather, he claims that Judge Simms recused himself from the case in 2020 because he had served as the district attorney during Shine's prosecution. Shine cites nothing to support this assertion, and the record shows that many different judges presided over

10

this case during its long history.

Shine's claim fails because he raises it for the first time on appeal. Shine knew that Judge Simms was presiding over this case in 2019 when Judge Simms granted his motion for out-of-time appeal. At no point between Judge Simms's issuance of that favorable ruling and his issuance of the unfavorable ruling in 2025 giving rise to this appeal did Shine move for recusal or voice any objection about Judge Simms presiding over the case. It was only after he lost his 2025 motion that he raised this issue, and then he only did so for the first time on appeal. Having failed to raise this issue before now, Shine has not preserved this issue for appellate review. See *State v. Hargis*, 294 Ga. 818, 821–23 (2014) ("When a party learns of grounds for the potential disqualification of the judge, he must promptly move for the recusal of the judge, see Uniform Superior Court Rule 25.1, and if he does not, the question of disqualification is not preserved for appellate review.").[6]

*Judgment affirmed. All the Justices concur, except Warren, P.J., not participating.*

---

[6] Despite our conclusion that Shine has failed to preserve this issue for appellate review, we do note that unless all parties consent, judges are prohibited from presiding over cases they handled as an attorney. See OCGA § 15-1-8(a)(3) ("No judge or Justice of any court … shall … [s]it in any case or proceeding in which he has been of counsel … without the consent of all parties in interest."). Nothing we hold or state today should be interpreted otherwise.