**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the
# Supreme Court of Georgia

No. S26A0321
Trevor Lamont Nuckles
v.
The State

On Appeal from the Superior Court of Cherokee County
No. 12CR0911

Decided: April 21, 2026

LaGrua, Justice.

Trevor Lamont Nuckles appeals an order of the trial court denying his motion seeking post-judgment relief. After reviewing the record, we conclude that the trial court properly denied Nuckles's motion, and thus, we affirm.

1. Pertinent to this appeal, the record shows that Nuckles was indicted by a Cherokee County grand jury for malice murder, felony murder, and other crimes arising out of the shooting death of Nuckles's girlfriend, Dejanirra Elrod. On December 12, 2012, Nuckles entered a negotiated guilty plea to felony murder, aggravated assault, cruelty to children, family violence, and other charges and was sentenced to life in prison plus five years, to run consecutively.

On December 15, 2014, Nuckles filed a pro se petition for habeas corpus in the Superior Court of Chattooga County (the "habeas court"), claiming, among other things, that his guilty plea was invalid because he did not enter it knowingly, freely, willingly, or intelligently. The habeas court denied Nuckles's habeas

petition, concluding that Nuckles failed to meet his burden to show that his guilty plea was not knowingly, voluntarily, and intelligently made, given that the record reflected that Nuckles: (1) signed the "Petition to Enter a Plea of Guilty"; (2) testified that he understood the charges against him; (3) testified that he was advised of and understood he was waiving his rights under *Boykin v. Alabama*, 395 US 238 (1969); and (4) testified that he understood the possible sentences he could receive. The habeas court also noted that, when Nuckles's plea counsel testified at the habeas hearing, plea counsel confirmed that Nuckles wanted to enter a guilty plea; that he never indicated he had changed his mind; and that, after a review of his constitutional rights, he agreed to waive those rights. Following the habeas court's ruling, Nuckles filed an application for a certificate of probable cause to appeal to this Court, which the Court denied. See *Nuckles v. Crickmar, Warden*, S15H1435 (Ga. Nov. 15, 2018).

On March 24, 2020, Nuckles returned to the trial court, where he filed a pro se motion to quash the indictment, alleging that his convictions were void because (1) the charges against him were not properly heard by the grand jury; (2) the indictment was not perfect in form and substance; and (3) the indictment was defective, as it was not properly presented to the grand jury and recorded in the minutes of the trial court. On May 7, 2020, the trial court denied Nuckles's motion to quash the indictment as untimely, observing that Nuckles entered a guilty plea eight years before he sought to quash the indictment and, after entering a guilty plea, Nuckles—who was entitled to timely pursue an appeal or move to withdraw his guilty plea—failed to do either one. Nuckles appealed the trial court's ruling to this Court, and we dismissed Nuckles's appeal in an unpublished order on the basis that he was "essentially seeking to vacate his convictions as

2

void, which is not an appropriate remedy in a criminal case," citing *Roberts v. State*, 286 Ga. 532, 532 (2010) and *Harper v. State*, 286 Ga. 216, 218 (2009). See *Nuckles v. State*, S20A1372 (Ga. July 15, 2020).

On August 7, 2025, Nuckles filed the motion for post-judgment relief at issue in this appeal, seeking (1) leave to file an out-of-time appeal pursuant to OCGA § 5-6-39.1; (2) vacatur of the judgment of conviction as void due to an allegedly defective indictment; (3) withdrawal of his guilty plea as involuntary under *Boykin*; and (4) appointment of counsel to represent him in all future proceedings. On September 19, 2025, the trial court issued an order denying Nuckles's motion.

In denying the motion, the trial court first concluded that, because OCGA § 5-6-39.1(b) primarily remedied denials of out-of-time appeals based on *Cook v. State*, 313 Ga. 471 (2022), and Nuckles's prior motions were denied on substantive grounds—not due to *Cook*'s jurisdictional bar—OCGA § 5-6-39.1(b) was inapplicable.[1] Additionally, the trial court concluded that, under OCGA

---

[1] OCGA § 5-6-39.1(b) provides:

In a criminal case, after a judgment of conviction, a defendant whose motion seeking an out-of-time motion for new trial or notice of appeal or whose granted out-of-time motion for new trial or notice of appeal was dismissed based upon the Supreme Court's decision in *Cook v. State*, 313 Ga. 471 (2022), and its progeny, shall have the right to move for leave to file an out-of-time motion for new trial or notice of appeal until June 30, 2026, pursuant to subsection (a) of this Code section. Any filing made pursuant to this subsection shall not be subject to the 100-day time limitation in subsection (a) of this Code section.

3

§ 5-6-39.1(a),[2] out-of-time appeals may only be sought within 100 days of the missed deadline with the State's consent, excusable neglect, deficient counsel, or good cause. But, here, Nuckles provided no evidence of such circumstances, and his motion was filed well beyond the 100-day limit. The trial court also summarily denied Nuckles's requests to vacate the judgment, withdraw his guilty plea, and appoint counsel, noting that reopening this "long-closed case" would—absent "compelling justification" which did not exist here—undermine "judicial finality and contribute to delays," particularly given "the documented plea process." On October 6, 2025, Nuckles filed a direct appeal of the trial court's order denying his motion for post-judgment relief.[3]

2. On appeal, Nuckles alleges that the trial court erred in denying his motion for post-judgment relief on several grounds, none of which have merit.

(a) Nuckles first contends that his indictment was "jurisdictionally void," and thus, his conviction and sentence are likewise void and must be vacated. Nuckles asserts that he is entitled

---

[2] Under OCGA § 5-6-39.1(a),

a defendant may move for leave to file an out-of-time … notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice: (A) With the consent of the state; (B) By showing excusable neglect; (C) By showing that the failure to timely file such motion for new trial or notice of appeal was attributable to the deficient performance of such defendant's counsel; or (D) For other good cause shown.

[3] On the same date, Nuckles also filed a discretionary application seeking appellate review of the trial court's September 19 order, which we dismissed because a discretionary application is not the proper vehicle in which to seek review of the denial of such a motion and because Nuckles was entitled to appeal by filing a notice of appeal, which he had already done. See *Nuckles v. State*, S26D0304 (Ga. Oct. 30, 2025).

4

to challenge his void conviction under OCGA § 17-9-4,[4] alleging that this statute "allows individuals in custody to challenge void judgments at any time, including those entered via guilty plea."[5]

Nuckles is not entitled to relief under this claim. "Regardless of the nomenclature," Nuckles's motion "seeks to set aside or vacate his criminal convictions." *Roberts*, 286 Ga. at 532. And we have said that "[a] motion to vacate a conviction … is not one of the established procedures for challenging the validity of a judgment in a criminal case." Id. See *Harper*, 286 Ga. at 218 (holding that "[a] petition to vacate or modify a judgment of conviction is not an appropriate remedy in a criminal case"). Because Nuckles is not authorized to seek relief from his criminal convictions pursuant to a motion to vacate or correct a void conviction, there is nothing for this Court to review, and this claim fails. See *Roberts*, 286 Ga. at 532.

(b) Nuckles next contends that he is entitled to a withdrawal of his guilty plea because "his guilty plea was not entered knowingly, voluntarily, or intelligently as required by *Boykin*[]." This claim fails because Nuckles's request to withdraw his guilty plea was untimely. See *Rubiani v. State*, 279 Ga. 299, 299 (2005) ("It is well settled that when the term of court has expired in

---

[4] OCGA § 17-9-4 provides that "[t]he judgment of a court having no jurisdiction of the person or subject matter, or void for any other cause, is a mere nullity and may be so held in any court when it becomes material to the interest of the parties to consider it."

[5] Nuckles is not asserting a void sentence claim, which would allow him to challenge his sentence in a properly brought proceeding. See *Carter v. State*, 317 Ga. 322, 323 (2023); *Collier v. State*, 307 Ga. 363, 373 n.11 (2019) (recognizing that, although a trial court lacks jurisdiction to allow the withdrawal of a guilty plea after expiration of the term of court in which a defendant was sentenced pursuant to that plea, "the trial court retains ongoing jurisdiction to correct a void or illegal *sentence*").

which a defendant was sentenced pursuant to a guilty plea, the trial court lacks jurisdiction to allow the withdrawal of the plea.").

> Under Georgia law, a motion to withdraw a guilty plea must be filed within the same term of court as the sentence entered on the guilty plea…. This well-established rule is merely the application of a bed-rock common-law principle that applies equally to other criminal motions and in civil cases. And, if a defendant seeks to withdraw a guilty plea after expiration of the term of court in which the sentence was imposed, the defendant must pursue such relief through habeas corpus proceedings.

*Harvey v. State*, 315 Ga. 395, 397–98 (2022) (citing *Schoicket v. State*, 312 Ga. 825, 827 (2021) (cleaned up)). Although OCGA § 17-7-93 has been amended to allow an individual to file a motion to withdraw a guilty plea within 30 days after entry of judgment or within the term of court, whichever is later, Nuckles's motion is not timely under this statute. Nuckles filed the motion to withdraw his guilty plea in August 2025, almost 13 years after he pleaded guilty and was sentenced in December 2012. The motion was, therefore, untimely, and the trial court lacked jurisdiction to hear it on the merits. See *Harvey*, 315 Ga. at 398. Accordingly, the trial court properly denied Nuckles's motion.[6]

(c) While Nuckles also requested the appointment of counsel in his motion for post-judgment relief, which the trial court

---

[6] Because the trial court lacked jurisdiction, it should have dismissed Nuckles's motion to withdraw his guilty plea. However, because the trial court denied the motion without addressing the merits, it is not necessary for us to remand the case for the trial court enter a dismissal order. See, e.g., *Bonner v. State*, 310 Ga. 426, 426–27 (2020); *Harvey*, 315 Ga. at 398.

6

denied, Nuckles offers absolutely no argument about or context for this claim on appeal. Additionally, Nuckles cites no legal authority in support of this claim in his briefing; he includes no citations to the record; and he fails to identify any error in the record. As such, Nuckles has failed to meet his burden of showing trial court error on this claim. See *Clark v. State*, ___ Ga. ___ (2026), S26A0250, slip op. at 12–13 (Ga. Feb. 3, 2026) (concluding that, in the context of OCGA § 24-4-404(b), the appellant made "no cogent argument on appeal that any of the requirements of Rule 404(b) are not met" and, thus, "has not met his burden to show that the evidence did not satisfy those requirements"). We have long held that "it is not the function of the appellate court to prosecute an appeal on [an] appellant's behalf." *Brown v. Frachiseur*, 247 Ga. 463, 464 (1981) (concluding that, the appellant "failed to meet his burden of showing error" and "failed to present the appellate court with a record sufficient to enable it to determine whether the trial court committed reversible error," and thus, the judgment of the trial court should be affirmed).

(d) Finally, in his motion for post-judgment relief, Nuckles also requested leave to file an out-of-time appeal under OCGA § 5-6-39.1(a) and (b), and the trial court denied that request. However, on appeal, Nuckles does not reference that request for relief or the trial court's denial of the request. Nevertheless, assuming without deciding that OCGA § 5-6-39.1 applies to out-of-time appeals from a guilty plea,[7] Nuckles's claim would fail because he has not carried his burden to show that the trial court erred in denying his motion for leave to file an out-of-time appeal under OCGA § 5-6-39.1. See *Clark*, slip op. at 12–13; *Brown*, 247 Ga. at

---

[7] In his briefing on appeal, Nuckles does not offer any substantive argument that OCGA § 5-6-39.1 should apply in this context, nor does he include any legal authority in support of such a claim.

464. Moreover, the record reflects that Nuckles never filed a motion seeking an out-of-time appeal that was dismissed under *Cook v. State*, 313 Ga. 471 (2022). See OCGA § 5-6-39.1(b). And Nuckles's present motion was filed well outside the 100-day window provided by OCGA § 5-6-39.1(a). As such, Nuckles was not entitled to file a motion for out-of-time appeal under OCGA § 5-6-39.1, and the trial court properly denied his request to do so.

*Judgment affirmed. All the Justices concur, except Warren, P. J. and Pinson, J., not participating.*